Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **MVMT Labs, Inc.** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) |

**92-1785217**

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **166 Geary St. Ste 1500 #1853**<br>**San Francisco, CA 94108**<br>Number, Street, City, State & ZIP Code | **c/o Legalinc Corporate Services Inc.,**<br>**131 Continental Drive, Suite 305**<br>**Newark, DE 19713**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **San Francisco**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL) _____

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

5239

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor | _____ | Relationship _____ |
| District | _____ When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

   Contact name _____

   Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

.   *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

■ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion

☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion

☐ $500,001 - $1 million      ☐ $100,000,001 - $500 million      ☐ More than $50 billion

| | |
|---|---|
| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07 / 15 / 2026
        MM / DD / YYYY

**X** */s/ Michael Robinson*
Signature of authorized representative of debtor

**Michael Robinson**
Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** */s/ Jeremy W. Ryan*
Signature of attorney for debtor

Date 07 / 15 /2026
    MM / DD / YYYY

**Jeremy W. Ryan 4057**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-984-6000**    Email address  **jryan@potteranderson.com**

**4057 DE**
Bar number and State

Fill in this information to identify the case:

Debtor name **MVMT Labs, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known):

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Rushikesh Manche Address on File** | Rushikesh Manche Address on File | **Contract** | **Contingent Unliquidated Disputed** | | | **$1,674,427.38** |
| **Delaware Division of Corporations 820 N. French Street Wilmington, DE 19801** | State of Delaware Division of Revenue Attn: Bankruptcy Administrator | **Delaware Franchise Tax** | **Unliquidated Disputed** | | | **$459,526.96** |
| **Ottersec Otter Audits LLC 519 West 22nd Street Sioux Falls, SD 57105** | Nicholas Putra contact@osec.io | **Trade debt** | **Disputed** | | | **$174,600.00** |
| **Move Industries 1950 University Ave, Ste. 506 Palo Alto, CA 94303** | Torab Arya, CEO torab@moveindustries.xyz | **Contract** | **Disputed** | | | **$125,000.00** |
| **Anchorage Digital Bank NA 101 S. Reid St Suite 329 Sioux Falls, SD 57103** | Thomas A. Deane tdeane@wisintl.com Fax:  858.492.2751 | **Trade debt** | | | | **$105,000.00** |
| **Ironclad 650 California St. Suite 1100 San Francisco, CA 94108** | Attn:  Avigail Greenberg ar@ironcladhq.com | **Trade debt** | | | | **$17,000.00** |
| **Notifi 1511B Sturgus Ave Seattle, WA 98144-3519** | Paul Kim paul.kim@noti7.network | **Trade debt** | | | | **$15,000.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Groom Lake Private Military Corporation, LLC/ GLPMC, LLC** | c/o Michael Cairo michael@horizonslaw.io | **Trade debt** | **Unliquidated** | | | **Undetermined** |
| **Vinit Parekh 45 Rockefeller Plaza 20th Floor New York, NY 10111** | Vinit Parekh Address on File | **Advisory Services (MOU)** | **Unliquidated Disputed** | | | **Undetermined** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name **MVMT Labs, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration  **Combined Corporate Ownership Statement and Equity Holder List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/15/26          **x** */s/ Michael Robinson*
Signature of individual signing on behalf of debtor

**Michael Robinson**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

**UNANIMOUS WRITTEN CONSENT**
**OF THE**
**BOARD OF DIRECTORS**
**OF**
**MVMT LABS, INC.**

July 14, 2026

The undersigned, being the sole director of MVMT Labs, Inc., a Delaware corporation (the "Company"), in accordance with Section 141(f) of the General Corporation Law of the State of Delaware (the "DGCL"), DOES HEREBY CONSENT to the adoption of, and DOES HEREBY ADOPT, the following resolutions:

**WHEREAS**, pursuant to resolutions of the Board of Directors of the Company (the "Board") adopted on July 14, 2026, the Board, among other things, appointed Michael Robinson as Chief Restructuring Officer of the Company (the "CRO") and defined the authority of the CRO;

**WHEREAS**, Section 142(a) of the DGCL provides that officers of a Delaware corporation have the titles and duties asset forth in the Bylaws of the Company (the "Bylaws") or in a resolution of the Board that is not inconsistent with the Bylaws;

**WHEREAS**, the Bylaws do not define the position of CRO, and the Board wishes to further define the duties of the CRO;

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

**WHEREAS**, the Board has been presented with a proposed petition and related documents to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under subchapter V of chapter 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for the Company (the "Bankruptcy Case"); and

**WHEREAS**, the Board, having had a series of meetings to consider the financial and operational aspects of the Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, have determined in the exercise of their respective business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of subchapter V of chapter 11 of the Bankruptcy Code;

**WHEREAS**, in connection with and in furtherance of the Bankruptcy Case and upon the advice of the CRO and counsel, the Board desires to authorize the CRO to take such actions

as may be deemed advisable in connection therewith, including the authority to execute, verify, and/or file, or cause to be executed, verified, and/or filed all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file the petition in the Bankruptcy Court and commence the Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, financial advisors, or other professionals to represent the Company in the Bankruptcy Case, to take any and all action which the CRO deems necessary and proper to maintain ordinary course operation of the Company during the pendency of the Bankruptcy Case, to take all action necessary or proper in connection with obtaining Bankruptcy Court authorization to use cash collateral and/or obtain post-petition financing ("DIP Financing"), including without limitation, the authority to execute, verify, and/or file, or cause to be executed, verified, and/or filed all necessary documents including, but not limited to, DIP term sheets, agreements, schedules, exhibits, certificates, and other definitive loan documents, related to any DIP Financing, and to seek the relief contemplated by the "first day" and/or "second day" motions as necessary to maintain ordinary course operations;

**NOW THEREFORE BE IT RESOLVED**, that in the judgment of the Board it is advisable and in the best interests of the Company, its creditors, employees, stakeholders and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of subchapter V of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby;

**RESOLVED FURTHER**, that notwithstanding any prior authorization of titles and duties of the CRO by the Board, and without prejudice thereto, the CRO shall be expressly vested with the duties and authority set forth herein;

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under subchapter V of chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the CRO as the authorized person executing said petition on behalf of the Company shall determine;

**RESOLVED FURTHER**, that, in connection with the Bankruptcy Case, the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be executed, verified, and/or filed all necessary documents, including, without limitation motions, pleadings, settlements, plans, disclosure statements, or reports that are necessary to administer the Bankruptcy Case and confirm a plan under subchapter V of the Bankruptcy Code;

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and empowered on behalf of the Company, to retain and employ professionals to render services to the Company in connection with the Bankruptcy Case, including, without limitation, (i) Potter Anderson & Corroon, LLP as bankruptcy counsel, (ii) Province, LLC to provide financial advisory services, and to provide the Company with restructuring advisors and support personnel, and (iii) Reliable Companies d/b/a Reliable as the claims and noticing agent, each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law;

Docusign Envelope ID: D4CC8091-0559-8CE3-8149-73F2C24DB927

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions;

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and empowered on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions;

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by the CRO to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for its prior approval;

**RESOLVED FURTHER**, that the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses as shall be necessary, appropriate, or advisable in the good faith judgment of the CRO to effect the purpose and intent of any and all of the foregoing resolutions.

[*Signature Page Follows*]

Docusign Envelope ID: D4CC8091-0559-8CE3-8149-73F2C24DB927

**IN WITNESS WHEREOF**, the undersigned director has executed this Consent as of the date set forth above.

Signed by:

Matt Kahn

0C5E28A3336E44F…

Matthew R. Kahn

13015337v.3

<strong>IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</strong>

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| MVMT Labs Inc., | Case No. 26-_____ (___) |
| Debtor.[1] | |

## COMBINED CORPORATE OWNERSHIP STATEMENT AND EQUITY HOLDER LIST PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to rules 1007(a)(1) and 7007.1(a) of the Federal Rules of Bankruptcy Procedure, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), hereby states as follows:

1. No publicly traded corporation owns more than 10% of Debtor MVMT Labs Inc's equity interests.

2. Mr. Cooper Scanlon owns 65.75% of MVMT Labs Inc.

3. Mr. Rushikesh Manche owns 34.25% of MVMT Labs Inc.

4. Mr. Lucas Vinzon owns less than 0.1% of MVMT Labs Inc.

---

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.