**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113 (TMH) |
| Debtor.[1] | **Re: Docket No. 4** |

**FINAL ORDER GRANTING DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS; (B) AUTHORIZING THE CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEMS; (C) GRANTING LIMITED RELIEF FROM THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 345(b) AND THE U.S. TRUSTEE'S OPERATING GUIDELINES; AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of a final order (this "Final Order"), (a) authorizing the maintenance of bank accounts and continued use of existing business forms and checks; (b) authorizing the continued use of existing cash management system; (c) granting limited relief from the requirements of Bankruptcy Code section 345(b) and the Operating Guidelines, as applicable; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

1 The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

2 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to: (a) maintain the Bank Accounts and continue to use existing Business Forms; (b) continue operating the Cash Management System; and (c) honor and pay its prepetition and post-petition obligations related thereto, including Bank Fees, subject to the limitations set forth in this Final Order.

3. The Debtor is further authorized to: (a) continue to use, with the same account number, the Bank Account in existence as of the Petition Date; (b) use, in its present form, all correspondence and business forms (including letterhead and invoices), as well as checks and other documents related to the Bank Account existing immediately before the Petition Date and thereafter, without reference to the Debtor's status as debtor-in-possession; *provided, however*, that once the Debtor's existing check stock has been used, the Debtor shall, when reordering checks, require the designation "debtor-in-possession" and the case number of this Chapter 11 Case on all checks; *provided*, *further*, that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor-in-Possession" legend and the case number of this Chapter 11 Case on such items within ten (10) days of the date of entry of this Final Order; (c) treat the Bank Accounts for all purposes as an account of the Debtor as debtor-in-possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (e) pay any ordinary course bank fees

incurred in connection with the Bank Accounts and to otherwise perform the obligations under the documents governing the Bank Accounts.

4. The Debtor shall maintain accurate records of all transfers into and out of the Bank Accounts so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records.

5. The requirements of section 345 of the Bankruptcy Code are satisfied.

6. Each of the Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System; *provided* that, in addition to the requirements thereof, any checks, drafts, wires, or ACH transfers drawn or issued by the Debtor before the Petition Date shall be timely honored by the Banks to the extent necessary to comply with any order of this Court authorizing payment of certain prepetition claims, subject to the availability of funds, unless the Banks are instructed by the Debtor to stop payment on or otherwise dishonor such check, draft, wire, or ACH transfer.

7. All existing deposit agreements and arrangements between the Debtor and the Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Banks, and all of the provisions of such agreements, including, without limitation, the

termination and fee provisions, shall remain in full force and effect subject to the terms of this Final Order. The Debtor and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business and in accordance with the terms of the existing deposit and disbursement agreements and arrangements.

8. The Banks shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issued or issues stop payment orders in accordance with the documents governing the Banks, as applicable.

9. In the course of providing cash management services to the Debtor, the Banks are authorized, without further order of this Court, to deduct the customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or post-petition from the appropriate accounts of the Debtor, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

10. Subject to the terms set forth herein, the Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

11. The Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account (subject to the terms of this Final Order), and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; *provided, however*, that the Debtor's Bank shall not have any liability to any party for relying on such directions or representations.

12. If the Banks honor a prepetition check or other item drawn on any account that is the subject of this Final Order at the direction of the Debtor, the Banks shall not be deemed to be, nor shall be liable to, the Debtor or the estate or otherwise in violation of this Final Order.

13. The Debtor is authorized, subject to the consent of the DIP Lender (as defined in the First Day Declaration) to open any new bank accounts or close any existing bank accounts; *provided*, that in the event that the Debtor opens any bank accounts or closes any existing bank accounts, such opening or closing shall be timely indicated on the Debtor's monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the Subchapter V Trustee, and any official committee appointed in this case within five (5) days of such opening or closing; *provided, however*, that the Debtor shall only open such new bank account(s) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement; *and provided*, further that any such new accounts opened by the Debtor shall be subject to the terms of this Final Order.

14. Pending closure of the Debtor's accounts with Choice Financial Group ("CFG"), the Debtor may not hold more than $50,000 in the CFG accounts before funds contained therein are swept into the Debtor-in-possession account with Western Alliance Bank.

15. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code section 365; or (f) a waiver of any party's rights under the Bankruptcy Code or any other applicable law.

16. All objections to entry of this Final Order, to the extent not withdrawn or settled, are overruled.

17. This Final Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

18. The notice requirements of the Bankruptcy Rules and this Court's Local Rules have been satisfied with respect to the final relief granted.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Thomas M. Horan

**Dated: August 24th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**