**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113 (TMH) |
| Debtor.[1] | **Re: Docket No. 49** |

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "'Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a) and 331 of title 11 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, (i) establishing procedures for interim compensation and reimbursement of expenses of professionals and (ii) granting certain related relief; and this Court having jurisdiction over this Chapter 11 Case in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is in the best interests of the Debtor, its estate, its creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in orders authorizing the retention of specific Professionals, all Professionals in this Chapter 11 Case may seek monthly compensation in accordance with the following Compensation Procedures:

a. No earlier than the fifteenth (15th) day of each calendar month following the month for which compensation is sought, each Professional seeking allowance of its monthly fees and expenses may file an application (including the relevant time entry, description, and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application, by e-mail, on the following parties (collectively, the "Notice Parties"): (i) proposed counsel to the Debtor, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: Jeremy W. Ryan (jryan@potteranderson.com), and Gregory J. Flasser (gflasser@potteranderson.com)); (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph James McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov)); (iii) the Subchapter V Trustee Jeffrey Schwendeman, RPA Advisors, LLC, 45 Eisenhower Drive, Paramus, NJ 07652, (jschwendeman@rpaadvisors.com); (iv) counsel to the DIP Lender, Allen Overy Shearman Sterling US LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: Fredric Sosnick (fsosnick@aoshearman.com), William Holste (William.holste@aoshearman.com) and Michael Ligeti (Michael.ligeti@aoshearman.com)); and (v) if any statutory committee has been appointed in this Chapter 11 Case, counsel to such committee. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including August 31, 2026.

b. Each Notice Party will have twenty (20) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "CNO"), as appropriate, with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an unresolved objection pursuant to subparagraph (c) below.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "Incremental Amount") or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the Professional subject to the Objection.

d. With respect to the first three-month period from the Petition Date through October 31, 2026, and each subsequent three-month period, each Professional may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include the amount of fees and expenses requested, the amount of fees and expenses paid to date or subject to an Objection, the deadline for parties to file objections to the Interim Fee Applications, and any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications, if any, shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application, if any, on or before December 15, 2026. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be

received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

e. If any Interim Fee Applications are filed, the Debtor shall request that the Court schedule a hearing on the Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and allowed expenses not previously paid.

f. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

g. Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of any Interim Fee Application or Final Fee Application (as defined below) for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

h. Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by the deadline established in any confirmed Subchapter V plan or in any order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

i. Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each, a "Hearing Notice") must be served upon only the Notice Parties. Parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of the Hearing Notice, *provided however* that such parties shall receive copies of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications upon request to counsel for the Debtor. Notice given in accordance with the Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, shall (i) apply for compensation for professional services rendered and for reimbursement of expenses

incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. Nothing in this Order shall alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Thomas M. Horan

**Dated: August 24th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**