**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113 (TMH) |
| Debtor.[1] | **Re: Docket Nos. 3 and 31** |

# FINAL ORDER (A) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (B) AUTHORIZING THE DEBTOR TO SERVE CERTAIN PARTIES BY ELECTRONIC MAIL; (C) APPROVING CERTAIN NOTICE PROCEDURES; AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") under sections 105(a), 107(c) and 521 of the Bankruptcy Code, Rules 1007, 2002, 3017(d), and 9007 of the Bankruptcy Rules, and Local Rules 1007-1 and 1007-2 authorizing, but not directing, the Debtor to (a) redact certain personally identifiable information, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit e-mail service to creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) have not expressly requested to be served hard copies by mail, (iii) are not parties to a contract with the Debtor which specifies a mailing address to which notices must be served, and (iv) have a valid e-mail address on file with the Debtor, but no physical address information.

3. The Debtor is authorized to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents that the Debtor files with the Court the telephone number and home and email addresses of individual persons. The Debtor shall file unredacted versions of the foregoing documents under seal. The Debtor shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Order to (a) the Court, the U.S. Trustee, the Subchapter V Trustee, counsel to any official committee appointed in this Chapter 11 Case, the Debtor's Claims Agent, any subsequently appointed trustee and (b) to any party in interest upon a request to the Debtor (email being sufficient) or to the Court, that is reasonably related to this Chapter 11 Case *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document. Nothing herein

precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

4. When serving any notice in this Chapter 11 Case on the Debtor's independent contractors or former employees, the Claims Agent, and, where applicable, the Clerk of the Court, shall use the employee's home address. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual person solely because such individual's residential address is sealed or redacted pursuant to this Order. Service of all documents and notices upon individual persons whose residential address is sealed or redacted pursuant to this Order shall be made to their residential addresses and confirmed in the corresponding certificate of service, which shall also be sealed and redacted when filed with the Court, as applicable.

5. To the extent any party other than the Debtor, any official committee appointed in this Chapter 11 Case, the U.S. Trustee, or the Subchapter V Trustee is required to serve individuals whose information has been redacted according to this Order, such party may request that the Claims Agent perform such service at the cost of the requesting party or the Debtor may share the relevant service information of applicable individual(s), provided that the requesting party enter into a confidentiality agreement with the Debtor with respect to the service information of the applicable individual(s).

6. For the avoidance of doubt, and notwithstanding any other provision of this Order to the contrary, the U.S. Trustee or Subchapter V Trustee, as applicable, is authorized to include, without redaction, the name, address, e-mail address, and/or phone number of any creditor or customer serving on an official committee in this Chapter 11 Case in any pleadings, including any notice of committee appointment, filed in the Chapter 11 Case. Nothing in this Order exempts any

customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019. Nothing in this Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with this Chapter 11 Case, or voluntarily disclosing any of its contact information.

7. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

9. The Debtor and the Claims Agent are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Nothing in this Order shall abrogate the rights, duties, and obligations found under or pursuant to 11 U.S.C. § 107(c)(3).

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Thomas M. Horan

**Dated: August 24th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**