REDACTED VERSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113(TMH) |
| Debtor.[1] | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## General

MVMT Labs, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), is filing its *Schedules of Assets and Liabilities* (the "Schedules") and *Statements of Financial Affairs* (the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology and disclaimers regarding the Debtor's Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Schedules and Statements are unaudited and reflect the Debtor's reasonable efforts to report certain financial information of the Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor.

In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that were available at the time of such preparation. The Schedules and Statements were prepared with the assistance of Province, LLC ("Province"), the Debtor's financial advisor. In preparing the Schedules and Statements, Province necessarily relied upon the accuracy and completeness of the information made available by or on behalf of the Debtor and has not audited or independently verified such information. To the extent that the Debtor has incomplete or draft audits, appraisals, or inventories with respect to any matter in the Schedules and Statements or the Global Notes, the Debtor may not have relied on such incomplete or draft

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

REDACTED VERSION

financials. Although the Debtor has made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtor and its director, officer, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtor or its director, officer, agents, attorneys or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its director, officer, agents, attorneys, or financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Michael Robinson, the Debtor's Chief Restructuring Officer. Mr. Robinson is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Mr. Robinson relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's advisors and other professionals. Given the complexity of the Debtor's Chapter 11 Case, the ongoing discovery disputes and other time consuming matters to address, and the condition of the Debtor's books and records as of the Petition Date (as defined below), Mr. Robinson has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtor. The Debtor reserves its right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; provided, that the Debtor, its agents, and its advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.

## Global Notes and Overview of Methodology

1. **Description of the Case.** On July 15, 2026 (the "Petition Date") the Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Reorganization Act of 2019, as amended. The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to section 1184 of the Bankruptcy Code. On July 16, 2026, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed Jeffrey Schwendeman of RPA Advisors, LLC to serve as the

Subchapter V trustee (the "Subchapter V Trustee") in this Chapter 11 Case pursuant to Bankruptcy Code section 1183(a) [Docket No. 17]. No official committee has been appointed in this Chapter 11 Case.

2. **Global Notes Control.** Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights.** Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but does not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to this Chapter 11 Case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of any of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**. The listing of a claim does not constitute an admission of liability by the Debtor, and the Debtor reserves the right to amend the Schedules and Statements accordingly. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   c. **Recharacterization.** The Debtor has made reasonable efforts to correctly characterize, classify, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtor's business and condition of the Debtor's books and records, the Debtor may not have accurately characterized, classified, or designated certain items and/or may have omitted certain items. Accordingly, the Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without

REDACTED VERSION

limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

d. **Classifications.** The listing of a person or entity (i) as a creditor on Schedule D as "secured," (ii) as a creditor on Schedule E/F as either "priority," or "unsecured priority," or (iii) as a counter-party to a contract or lease denominated on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's asset(s) in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtor reserves all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e. **Estimates and Assumptions.** To prepare these Schedules and Statements and report information on a legal entity basis, the Debtor was required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities and the amount of contingent assets and contingent liabilities as of the Petition Date. Actual results could differ from such estimates. The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f. **Causes of Action.** Despite reasonable efforts, the Debtor may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in its Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtor's investigation into potential causes of action is ongoing. The Debtor reserves all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise. Causes of action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (b) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (c) the right to object to or otherwise contest claims or interests; (d) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (e) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in

REDACTED VERSION

section 558 of the Bankruptcy Code; and (f) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g. **Intellectual Property Rights.** Exclusion of certain intellectual property on the Statements and Schedules shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all intellectual property rights.

h. **Insiders.** The Debtor has attempted to include all payments made on or within twelve months prior to the Petition Date to any individual (and their relatives) or entity who, in the Debtor's good faith belief, may be deemed an "insider" as set forth in section 101(31) of the Bankruptcy Code. As to the Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtor; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtor; or (iv) whether such individual or entity (or the Debtor) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date. The Debtor reserves all rights with respect thereto.

4. **Methodology**

a. **Basis of Presentation.** These Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtor. Information contained in the Schedules and Statements has been derived from the Debtor's books and records

REDACTED VERSION

and historical financial statements. The Company historically lacked complete books and records and has not prepared GAAP financial statements for 2025 or 2026. Since the Petition Date, the Company has begun the process of reconciling prior-year (2025) and year-to-date 2026 financial information, including to support tax filings.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, the Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, the Debtor reporting more liabilities than assets shall not constitute an admission that the Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtor's enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b. **Reporting Date.** Unless otherwise noted, the Schedules and Statements generally reflect the Debtor's books and records as of the Petition Date. The Debtor further notes that following the Petition Date, certain parties have filed proofs of claim in the Chapter 11 Case. Because of the condition of the Debtor's books and records and as part of the process of compiling the Schedules and Statements, the Debtor has researched such claims and, to the extent the Debtor was able to determine that a claim asserted in a proof of claim was a claim against the Debtor, the Debtor has included such claim in the Schedules and Statements.

c. **Confidentiality or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtor's employees and vendors (*e.g.*, home addresses). The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtor may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtor to redact, seal, or otherwise protect such information from public disclosure.

d. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtor has determined to only list such assets, liabilities, and prepetition payments once.

e. **Net Book Value of Assets.** In many instances, current market valuations are not maintained by or readily available to the Debtor. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtor to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values are as of the Petition Date. When necessary, the Debtor has indicated that the value of certain assets is "Unknown" or "Undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtor reserves all rights to amend,

REDACTED VERSION

supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtor with respect to such asset. Nothing in the Debtor's Schedules and Statements shall be, or shall be deemed to be, an admission that the Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

**f.** **<u>Currency.</u>** All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

**g.** **<u>Payment of Prepetition Claims Pursuant to Payment Orders.</u>** Following the Petition Date, the Court entered an order authorizing the Debtor to, among other things, pay certain prepetition claims or fees related to the maintenance of its cash management system and related items; and other obligations (the "<u>Payment Order</u>"). Accordingly, certain of these liabilities may have been, or will be, satisfied in accordance with the Payment Order. Where the Schedules list creditors and set forth the Debtor's scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date. The Debtor reserves the right to amend and/or supplement the Schedules and Statements to reflect payments made pursuant to an order of the Court.

**h.** **<u>Other Paid Claims</u>.** To the extent the Debtor has reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtor reserves all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

**i.** **<u>Allocation of Liabilities.</u>** The Debtor, in consultation with its advisors, has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The Debtor reserves the right to amend and/or supplement the Schedules and Statements as it deems appropriate in this regard.

**j.** **<u>Totals.</u>** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

REDACTED VERSION

k. **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated."

l. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtor's books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtor or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtor on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and post-petition payments, if applicable. The Debtor reserves all of its rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

m. **Claims of Third-Party Related Entities.** While the Debtor has made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtor has not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtor's obligations thereto. Therefore, to the extent that the Debtor has classified its estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

n. **Cryptocurrency and Digital Assets.** The Debtor historically maintained accounts at cryptocurrency exchanges, including Coinbase and Kraken. Amounts attributable to cryptocurrency or digital-asset holdings and transactions, including any interest-related income, capital gains, or other accruals, have not been fully reconciled and may not be reflected in the Schedules and Statements. The Debtor reserves the right to amend or supplement the Schedules and Statements as its reconciliation of cryptocurrency-related accounts and transactions progresses.

o. **Exhibits and Attachments.** Certain responses in the Schedules and Statements refer to exhibits or attachments filed therewith. Such exhibits and attachments are incorporated by reference into the applicable response(s) as if fully set forth therein.

## Notes Specific to Schedules of Assets and Liabilities

**Schedule A/B: Assets**

Part 1 – Cash and Cash Equivalents

Questions 1–5 – Cash and Cash Equivalents.

As of the Petition Date, the Debtor held accounts at Choice Bank (through Mercury), including a Checking Account, Savings Account, and Treasury Account. As of the Petition Date,

only the Checking Account was in use and the Treasury and Savings accounts had been emptied with one caveat: prior to the Petition Date, there was $590 in accrued interest deposited into the Treasury Account for assets previously held in that account. Prior to filing the petition, the Debtor swept the balance to the Checking Account; however, the transfer did not clear until July 16, 2026, the day after the Petition Date, which is why the account balance was recorded at $590 as of the Petition Date. Following the Petition Date, the Debtor opened a Checking Account at Western Alliance Bank and swept the funds in the Choice Bank Checking Account to the Western Alliance Bank account. The Debtor no longer uses the accounts held at Choice Bank but has kept them open for the time being in case any payments or deposits are made to those accounts. Pursuant to the *Final Order Granting Debtor's Motion for Interim and Final Orders (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks; (B) Authorizing the Continued Use of Existing Cash Management Systems; (C) Granting Limited Relief from the Requirements of Bankruptcy Code Section 345(b) and the U.S. Trustee's Operating Guidelines; and (D) Granting Related Relief* [Docket No. 92], the Debtor may not hold more than $50,000 in the Choice Bank accounts before funds are swept into the debtor-in-possession account with Western Alliance Bank.

The Debtor also maintains accounts at Coinbase and Kraken. Prior to the Petition Date, the Debtor liquidated assets in the Kraken account, though certain residual amounts remained in or were credited to the Kraken account after the date of such liquidation. The Kraken account held an aggregate balance of approximately $16.95, consisting of $16.60 of U.S. dollar cash and approximately $0.35 of residual digital assets. As of the Petition Date, those amounts are still held in the Kraken account and are controlled by the Debtor. The cryptocurrency accounts (Kraken and Coinbase) are no longer being used as of the Petition Date. The Coinbase account was maintained by Rushikesh Manche. Following his separation from the Debtor, the Debtor has been unable to access the account or verify what amounts, if any, remain as of the Petition Date but the Debtor intends to continue its investigation into the matter.

The Debtor may hold other cash, cash equivalents, and cryptocurrency assets in other accounts not known to the Debtor as of the Petition Date and therefore the Debtor reserves all rights to amend the response to these Items pending identification of additional open accounts.

Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.

Further details with respect to the Debtor's cash management system and bank accounts are also provided in the *Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks; (B) Authorizing the Continued Use of Existing Cash Management System; (C) Granting Limited Relief From the Requirements of Bankruptcy Code Section 345(b) and the U.S. Trustee's Operating Guidelines; and (D) Granting Related Relief* [Docket No. 4].

Part 2 – Deposits and Prepayments

Question 8 – Prepayments.

The Debtor may have inadvertently omitted deposits and/or credits and conversely may have reported deposits that are no longer outstanding. The Debtor reserves its rights, but is not

REDACTED VERSION

required, to amend the Schedules and Statements if deposits are incorrectly identified. Certain prepayments may be reflected on an amortized basis to the extent recorded in the Debtor's books and records as such. The response includes the $22,893.00 retainer balance held by Province as of the Petition Date.

Part 10 – Intangibles and Intellectual Property

Question 59 – Intangibles and Intellectual Property.

Pursuant to the Termination and Settlement Agreement, dated December 2, 2025 (the "Fenix Agreement"), among the Debtor, Movement Network Foundation ("Foundation"), and Movement Limited, the Debtor assigned to Foundation its remaining intellectual property rights and certain key operating agreements relating to the Movement Network prior to the Petition Date. Accordingly, the Debtor does not believe it held material intangible assets or intellectual property as of the Petition Date, and the response to Question 59 reflects the same. The Debtor reserves the right to amend this response to the extent any residual intangible assets are subsequently identified.

Part 11 – All Other Assets

Question 72 – Tax Refunds and Net Operating Losses.

The federal net operating loss carryforward listed for tax year 2023 reflects amounts reported on the Debtor's filed tax returns. Although tax returns for 2024 have been filed, the amount listed as undetermined for tax year 2024 has yet to be calculated. The amount listed as undetermined for tax year 2025 reflects that the Debtor has not yet prepared or filed its 2025 returns; since the Petition Date, the Debtor has begun reconciling prior-year financial information to support such filings. The listing of any net operating loss is not an admission as to the amount, availability, or usability of any such loss, which may be subject to applicable limitations.

Question 74 – Causes of Action.

The amount listed reflects (a) claims against certain former employees and contractors who received inadvertent payments from the Debtor, in the approximate aggregate amount of $187,500.04, and (b) other causes of action whose value is undetermined. The Debtor holds or may hold claims and causes of action (filed or potential) against various parties, including, among others, former officers, directors, advisors, consultants, market makers, and other counterparties, arising out of or relating to the December 2024 launch of the $MOVE token, the market-making irregularities described in the *Declaration of Michael Robinson in Support of MVMT Labs, Inc.'s Chapter 11 Petition and First Day Motions* [D.I. 21] (the "First Day Declaration"), and related activities, including, but not limited to, against Rushikesh Manche and entities with which Mr. Manche may have acted in concert with. The Debtor's investigation of its claims and causes of action is ongoing, and despite reasonable efforts, the Debtor may not have identified or listed all such claims. Consistent with the General Notes, neither the listing nor the omission of any claim or cause of action shall constitute a waiver, release, or admission of any kind, and the Debtor reserves all rights with respect thereto.

REDACTED VERSION

Question 75 – Other Contingent and Unliquidated Claims or Causes of Action.

On January 16, 2025, Metaverse Technology Company FZE ("Metaverse") commenced an arbitration against the Debtor in a JAMS arbitration seated in New York (JAMS Ref. No. 5425003221) (the "Arbitration"), asserting claims arising out of the Debtor's alleged failure to deliver crypto assets under an advisory agreement. The Debtor disputes the claims asserted in the Arbitration and has asserted, or may assert, counterclaims and affirmative claims therein. The Debtor's interests in the Arbitration are listed in the response to Question 75 as contingent and unliquidated claims in an undetermined amount. The corresponding advisory agreement with Metaverse is listed on Schedule G, and Metaverse's asserted claims against the Debtor are disputed.

**Schedule D: Creditors Who Have Claims Secured by Property**

The Debtor is not aware of any creditor holding a prepetition claim secured by property of the Debtor as of the Petition Date. Liens, if any, granted in connection with the Debtor's postpetition debtor-in-possession financing arose after the Petition Date and are therefore not listed on Schedule D. The Debtor reserves the right to amend Schedule D to the extent any party asserts a secured claim.

**Schedule E/F: Creditors Who Have Unsecured Claims**

The liabilities identified in Schedule E/F, Part 2, are derived from the Debtor's books and records. The Debtor made reasonable attempts to set forth its unsecured obligations, although the actual amount(s) of claims against the Debtor may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The amounts listed on schedule E/F may not reflect any right of setoff or recoupment, and the Debtor reserves any such setoff or recoupment rights. Some of the scheduled liabilities may be unknown, contingent and/or unliquidated at this time. In such cases, the amounts may be listed as "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtor's total liabilities as noted on any previously issued financial statements.

Claim amounts are reported as of the Petition Date based on the Debtor's books and records then available. The listing of any claim does not constitute an admission of liability by the Debtor, and the Debtor reserves the right to dispute, or to assert defenses to, any scheduled claim. The claim listed for the Delaware Division of Corporations reflects potential franchise tax obligations and is listed as unliquidated and disputed pending reconciliation. The Debtor had no employees as of the Petition Date and is not aware of any employee claims entitled to priority under sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code. The claim listed for Rushikesh Manche reflects amounts asserted in connection with the Advancement Order described in the First Day Declaration; such claim is listed as contingent, unliquidated, and disputed, and the listing thereof is not an admission of liability or of the amount, priority, or validity of such claim. The claim listed for Vinit Parekh arises under memoranda of understanding for advisory services and is listed as undetermined, unliquidated, and disputed. Consistent with the notes to Schedule G below, agreements providing for the delivery of $MOVE tokens are listed on Schedule G; the Debtor's

REDACTED VERSION

books and records do not permit calculation of amounts, if any, owed under such agreements, including because compensation under many such agreements is contingent on performance or milestones for which no records have been located, because compensation terms are in many cases indeterminate on the face of the agreements, and because the Debtor has not verified whether stated consideration was funded or received. Any claims arising under or relating to such agreements would be contingent, unliquidated, and disputed. No amounts in respect thereof are scheduled on Schedule E/F, and the omission of any such counterparty from Schedule E/F is not an admission that such party does not, or does, hold a claim.

**Schedule G: Unexpired Leases and Executory Contracts**

(a) General. The listing of any agreement on Schedule G does not constitute an admission that such agreement (i) is an executory contract or unexpired lease, (ii) was in effect or unexpired on the Petition Date, (iii) is valid, binding, or enforceable against the Debtor, or (iv) has not been assumed, assigned, settled, satisfied, released, terminated, or rejected. The contracts or agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda or other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtor's use of reasonable efforts to identify such documents. Certain of the executory contracts may not have been memorialized and may be subject to dispute. Certain of the executory contracts listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Executory contracts that are oral in nature, if any, may not have been included on Schedule G. To the extent the Bankruptcy Court determines a particular contract is executory, the Debtor will amend Schedule G to add that contract, as necessary or appropriate. The omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The Debtor reserves all rights with respect to the characterization, validity, and enforceability of any agreement listed on or omitted from Schedule G, and to amend Schedule G to add or remove agreements.

(b) Token Delivery Agreements. In connection with its prepetition fundraising activities and the development of the Movement Network, the Debtor entered into numerous agreements that provide for, or contemplate, the future delivery of $MOVE tokens (collectively, the "Token Delivery Agreements"), principally consisting of: (i) Simple Agreements for Future Equity ("SAFEs"), pursuant to which investors paid a purchase amount in exchange for the right to acquire equity of the Debtor upon defined triggering events; (ii) token warrants, generally issued in connection with SAFEs or, in certain cases, in exchange for services (the "Token Warrants"), pursuant to which holders may acquire $MOVE tokens; and (iii) advisory, consulting, service, sponsorship, indexing, and other agreements pursuant to which counterparties were to provide services to the Debtor in exchange for cash and/or token-denominated compensation. The Schedule G Exhibit identifies each such agreement by category.

(c) Contract Deficiencies (Note [1]). Agreements designated with Note [1] on the Schedule G Exhibit have material deficiencies in the form on file with the Debtor. For example, the agreement was never fully executed (including agreements never countersigned by the Debtor or executed by fewer than all necessary signatories), has missing placeholders for key terms, or the copy on file is incomplete or a draft. Where an agreement was never fully executed, the Debtor likewise does not have a reliable record of whether the transactions contemplated were ever consummated, including whether any stated consideration was funded or received. The listing of any such agreement notwithstanding its deficiencies is not an admission that the agreement is valid, binding, enforceable, or supported by consideration, and the Debtor reserves all rights, claims, and defenses with respect thereto.

(d) Performance; Indeterminate and Milestone-Based Compensation (Note [2]). Agreements designated with Note [2] on the Schedule G Exhibit are agreements (principally advisory, consulting, service, and similar agreements) to which the Debtor has not located evidence of counterparty performance. The Debtor's books and records do not include records of counterparty performance under these agreements, such as deliverables, work product, invoices, demands, or contemporaneous documentation of milestones achieved. The absence of such records is particularly significant because, in many of these agreements, compensation is contingent in whole or in part on performance or the achievement of specified milestones, such that whether any compensation was earned (and if so, how much) cannot be determined from the Debtor's records. In addition, the compensation terms themselves vary widely and, in many cases, are not susceptible to calculation from the face of the agreement. By way of example only, the agreements variously provide for compensation in the form of: (i) percentages of "token supply," "total supply," or "network supply," without specifying whether the referenced supply means total minted supply, circulating supply, or some other measure; (ii) token amounts allocated in tranches contingent on the achievement of specified milestones or key performance indicators, such as introductions resulting in closed investments or partnerships, content creation, or meeting attendance; (iii) percentage-based performance fees calculated on invested capital or other value purportedly introduced by the counterparty, earned only upon successful conversion and valued by reference to the applicable investment round; (iv) fixed dollar amounts of tokens valued at a specified company valuation or at the valuation prevailing at the time of a future token generation event, in certain cases subject to board approval or the terms of a token incentive plan; (v) fixed numbers of tokens; and (vi) cash fees, upfront payments, or invoice-based service fees, in some cases in combination with token-denominated compensation and in some cases payable pursuant to milestone-based disbursement schedules. Further, most of these agreements provide that tokens would be delivered pursuant to a separate token grant agreement that would set forth the amount, manner of delivery, and vesting or lockup schedule; in almost all cases, no executed grant agreement has been located, and the Debtor has found no record that conditions to grant (such as board approval) were satisfied. Accordingly, the Debtor disputes any obligation under these agreements absent, among other things, proof of performance, and the amounts, if any, owed thereunder are not determinable at this time. Any claim arising under or relating to these agreements would be contingent, unliquidated, and disputed.

REDACTED VERSION

(e) The Fenix Agreement and Foundation Settlement Process. As described in the First Day Declaration and in the response to SOFA Question 13, pursuant to the Fenix Agreement, Foundation agreed to settle the Debtor's obligations to deliver $MOVE tokens to counterparties under valid (and not fraudulent) and undisputed Token Delivery Agreements, subject to satisfactory completion of KYC/KYB, pursuant to token undertaking agreements among Foundation, Movement Limited, the Debtor, and the applicable counterparty (each, a "Token Undertaking Agreement"). Upon effectiveness of a counterparty's Token Undertaking Agreement, among other things, the applicable Token Warrant is deemed fully performed and satisfied, tokens are delivered into a locked wallet subject to an unlock schedule, and the counterparty releases the Debtor and certain related parties. A significant majority of the Debtor's token delivery obligations, including a substantial majority of the obligations owed to investors under SAFEs and associated Token Warrants, have been settled through this process. The Schedule G Exhibit may include counterparties whose obligations have been so settled and released, counterparties whose Token Undertaking Agreements have been executed but have not yet become effective (including those pending completion of KYC/KYB), and counterparties who have not entered into a Token Undertaking Agreement. The Debtor is continuing to reconcile the status of each Token Delivery Agreement, and the listing of any agreement is not an admission that any obligation thereunder remains outstanding. The Debtor reserves the right to amend Schedule G as this reconciliation progresses.

(f) SAFEs; Funding Verification. The SAFEs are instruments providing for the future issuance of equity securities of the Debtor upon defined triggering events, and by their terms are intended to be treated as equity for certain purposes. The SAFEs are listed on Schedule G together with, and in light of their connection to, the associated Token Warrants. Due to the state of the Debtor's books and records, the Debtor has not verified whether the purchase amount stated in any given SAFE was actually funded to or received by the Debtor. The Debtor's records reflect substantial amounts raised under the SAFEs in the aggregate, but do not permit verification on an instrument-by-instrument basis. This uncertainty applies to the SAFE population generally and is particularly acute where the agreement on file was never fully executed. The listing of any SAFE is not an admission that the stated purchase amount was funded or received, nor an admission as to the character of the SAFE or of any right or claim arising thereunder, whether as an executory contract, a claim, or an equity interest, and the Debtor reserves all rights with respect to such characterization and all related defenses.

(g) Addresses. For certain counterparties, the Debtor's books and records do not include a physical mailing address; such counterparties are designated "Email on file," and the Debtor's records contain email addresses (and, in certain cases, digital wallet addresses) for such parties, consistent with the manner in which the Debtor historically transacted with its counterparties.

**Schedule H: Codebtors**

The Debtor is not aware of any codebtors.

REDACTED VERSION

## Notes Specific to Statements of Financial Affairs

Part 1, Question 1 – Income.

Reported gross revenue for 2025 and 2026 includes advertising revenue received from X Corp. Due to the Company's lack of complete books and records, additional revenue may exist for those periods. However, the Company has not prepared GAAP financial statements for either 2025 or 2026; therefore, revenue from business may differ from the amounts reported in Question 1 ("Gross revenue from business"). Since the Petition Date, the Company has begun the process of reconciling prior-year (2025) and year-to-date 2026 financial information to support tax filings, among other items.

Part 1, Question 2 – Non-Business Revenue.

Amounts reported for 2025 and 2026 represent interest income from the Company's Treasury Account, as reported in its monthly account statements, as well as revenue received in connection with the Fenix Agreement and Transfer Agreement (both defined in the First Day Declaration). Amounts reported for 2025 represent (a) interest income from the Treasury Account, (b) the $1,200,000 fee received under the Transfer Agreement, and (c) the $6,900,000 payment under the Fenix Agreement (both agreements as defined in the First Day Declaration and described further in the response to Part 6, Question 13). The Company may have received additional interest-related income or capital gains through cryptocurrency brokerage accounts (such as Kraken or Coinbase), but these amounts have not been reconciled and are not reflected in the response to Question 2 ("Non-business revenue") for 2025 and 2026. Amounts reported for 2024 represent the interest and other income reported on the Company's unaudited financial statements attached to the voluntary petition, as also reflected on the Company's 2024 tax returns.

Part 2, Question 3 – Payments or Transfers to Certain Creditors.

The Debtor has responded in detailed format by listing the payments by vendor. The response includes all payments made to Potter Anderson & Corroon LLP and Province during the 90-day period, including payments for restructuring services, which are also listed in response to Part 6, Question 11. The same payment appearing in both responses is intentional and, notwithstanding Section 4(d) of these Global Notes, does not reflect a duplicate payment. Professional payments reflect applications of retainer against invoices. The response excludes payments certain creditors (e.g., American Express and Ramp), since the aggregate payments to each within the 90-day period were less than $8,575, the minimum reporting threshold under the instructions to Question 3 (consistent with 11 U.S.C. § 547(c)(9), as adjusted effective April 1, 2025).

Part 2, Question 4 – Payments or Other Transfers of Property Made Within 1 Year Before the Petition Date that Benefited Any Inside.

The response to Question 4 includes, among other transfers: (a) a one-time payment of $1,600,000 made by the Company to Rue27 LLC, a Delaware limited liability company affiliated with former CEO Cooper Scanlon, pursuant to the Confidential Settlement and Release Agreement, dated December 10, 2025, between the Company and Mr. Scanlon; and (b) a $500,000

REDACTED VERSION

retention bonus paid to former General Counsel Joseph Golding-Ochsner in a single lump sum pursuant to a retention letter agreement, dated December 10, 2025.

Part 3, Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits.

The Debtor has listed all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtor was involved in any capacity—within 1 year before filing this case on an exhibit referenced at Part 3, Question 7.

Part 6, Question 11 – Payments Related to Bankruptcy.

The Debtor has used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in the Debtor's response to Part 6, Question 11 of the Statements. The payments listed reflect applications of the Potter Anderson and Province retainers against invoices. These payments also appear in response to Part 2, Question 3, which lists all payments to professionals during the 90 days before the Petition Date. The payments to Potter Anderson include only payments for restructuring services; payments to Potter Anderson in connection with the Advancement Action (as defined in the First Day Declaration) are listed only in response to Part 2, Question 3. Additional information regarding the Debtor's retention of professional service firms is more fully described in the individual retention applications for those firms and any related orders. *See* Docket Nos. 2, 48, 52, 53, 54, & 55.

Part 6, Question 13 – Transfers Not Already Listed on This Statement.

The response to Question 13 reflects, among other transfers those that occurred in connection with: (a) the Transfer Agreement, dated November 20, 2025, between the Company and Move Ind. Inc. ("Industries"), pursuant to which, among other things, the Debtor assigned Token Grant Agreements and PIIAs, released certain team members from non-competition restrictions to permit their employment or engagement by Industries, and transferred certain related hardware assets, in exchange for a fee of $1,200,000; and (b) the Fenix Agreement, which had an effective date of December 2, 2025, pursuant to which, among other things, (i) the Tripartite IP Licensing and Services Agreement, dated September 9, 2024, was terminated; (ii) Foundation agreed to settle the Company's obligations to deliver $MOVE tokens to counterparties under valid and undisputed token delivery agreements; (iii) Foundation agreed to pay the Company $6.9 million (less amounts outstanding on certain loans provided by Foundation); (iv) the Company assigned to Foundation its remaining intellectual property rights and certain key operating agreements; and (v) the parties exchanged mutual releases, subject to certain exclusions. The Series B rescission is not separately listed in the response to Question 13. Following the discovery of certain irregularities in April and May 2025, the Company rescinded its Series B preferred stock financing by mutual agreement with the lead investors: approximately $12.7 million was returned to investors as a return of funding, the corresponding Series B shares were cancelled, and tokens delivered in connection with the financing were returned.

REDACTED VERSION

Part 10, Question 18 – Closed Financial Accounts.

The Debtor is not aware of any financial accounts or instruments held in its name that were closed, sold, moved, or transferred within one year before the Petition Date, although it intends to investigate and identify any potential closed accounts during the Chapter 11 Case. The Debtor reserves the right to amend or supplement this response if any such accounts are subsequently identified.

Part 13, Question 26a – Accountants and Bookkeepers.

Between December 2025 through July 2026 the Debtor's books and records were maintained by the Debtor's former General Counsel, Joseph Golding-Ochsner. Between May 2024 through February 2026 the Debtor's books and records were maintained by the Debtor's former Bookkeeper, Frajer Ulaj. The Debtor is not aware of any accountants or bookkeepers who maintained the Debtor's books and records prior to that time.

Part 13, Question 26b – Auditors and Financial Statement Preparers.

In connection with its 2024 tax filings, the Company retained CBIZ Advisors LLC (f.k.a. Marcum LLP), which prepared financial statements for FY 2024 along with FY 2024 tax filings.

Part 13, Question 26c – Parties in Possession of Books and Records.

The following parties were in possession of the Debtor's books and records when this case was filed: Province; Cooper Scanlon (former CEO); and Joseph Golding-Ochsner (former General Counsel). For the purposes of this Question, the books and records pertain to a limited scope: bank accounts, Google Drive, HR platform (Rippling), Kraken, and Ramp.

Part 13, Question 26d – Financial Statements Issued.

In the ordinary course of business, the Debtor provides financial information to certain parties, such as financial institutions, legal counsel, potential investors, vendors, and financial advisors. The Debtor does not maintain complete lists to track such disclosures and, as such, the Debtor has not provided a listing of these parties in response to this Question.

Part 13, Question 28 – Current Officers and Directors.

As of the date this case was filed, the Company had a sole director, Matthew Kahn, and a sole officer, Michael Robinson (Chief Restructuring Officer).

Part 13, Question 29 – Former Officers and Directors.

During the one year period preceding the Petition Date, the Debtor experienced significant turnover in its officers and directors in connection with the events described in the First Day Declaration. The response to Question 29 reflects that Cooper Scanlon served as Chief Executive Officer and as a director from January 2023 until July 2026; Ruby Sekhon served as an Independent Director from May 2025 until December 2025; and Joseph Golding-Ochsner served as General Counsel from October 2024 until July 2026. Periods of service are approximate and are

REDACTED VERSION

based on the Debtor's review of its available records. Following their departures, Mr. Scanlon and Mr. Golding-Ochsner have continued to provide certain services to the Debtor as independent contractors in connection with the wind-down of the Debtor's affairs.

Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.

Payments, distributions, and withdrawals credited or given to insiders within one year before the Petition Date, consisting principally of compensation and the December 2025 payments described in the response to Question 4, are set forth on the SOFA 4 Exhibit, which is incorporated into the response to Question 30 by reference. Recipients during this period include Cooper Scanlon (both directly and through Rue27 LLC, an entity affiliated with Mr. Scanlon), Joseph Golding-Ochsner, Ruby Sekhon, and Matthew Kahn. Consistent with the General Notes, the inclusion of any party or payment in the response to Question 30 is not an admission that such party is an insider.

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor name MVMT Labs, Inc.

United States Bankruptcy Court for the: District of DE (State)

Case number (If known): 26-11113

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B* ............ $ 0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B* ............ $ 2,814,010.04

1c. **Total of all property:**
Copy line 92 from *Schedule A/B* ............ $ 2,814,010.04

### Part 2: Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ............ $ 0.00

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............ $ Undetermined

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ............ + $ 2,111,027.38

4. **Total liabilities** ............
Lines 2 + 3a + 3b ............ $ 2,111,027.38 + Undetermined

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor name MVMT Labs, Inc.

United States Bankruptcy Court for the: ______ District of DE (State)

Case number (If known): 26-11113

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

2. **Cash on hand** $ 67,127

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value |
|---|---|---|---|---|
| 3.1. | Choice Financial Group | Checking | 2 9 6 0 | $ 66,537 |
| 3.2. | Choice Financial Group | Treasury | 9 4 9 6 | $ 590 |
| 3.3. | Choice Financial Group | Savings | 0 7 8 7 | $ 0 |

4. **Other cash equivalents** *(Identify all)*

4.1. Kraken $ 17

4.2. Coinbase $ Unknown

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. $ 67,144

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1. ______ $______

7.2. ______ $______

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. Retainer (Province, LLC) $22,893

8.2. $

9. **Total of Part 2.** $22,893

Add lines 7 through 8. Copy the total to line 81.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less: ____ face amount – ____ doubtful or uncollectible accounts = ........➔ $

11b. Over 90 days old: ____ face amount – ____ doubtful or uncollectible accounts = ........➔ $

12. **Total of Part 3** $0.00

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. | | $ |
| 14.2. | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: % of ownership: | | |
| 15.1. ____ % | | $ |
| 15.2. ____ % | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. | | $ |
| 16.2. | | $ |

17. **Total of Part 4** $0.00

Add lines 14 through 16. Copy the total to line 83.

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☑ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| | MM / DD / YYYY | $ | | $ |
| **20. Work in progress** | | | | |
| | MM / DD / YYYY | $ | | $ |
| **21. Finished goods, including goods held for resale** | | | | |
| | MM / DD / YYYY | $ | | $ |
| **22. Other inventory or supplies** | | | | |
| | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84. $ 0.00

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No
    - ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes. Book value ______ Valuation method______ Current value______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☑ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| | $ | | $ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
- ❑ No
- ❑ Yes. Is any of the debtor's property stored at the cooperative?
  - ❑ No
  - ❑ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ❑ No
- ❑ Yes. Book value $__________ Valuation method ______________ Current value $__________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ❑ No
- ❑ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ❑ No
- ❑ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☑ No. Go to Part 8.
- ❑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $ | | $ |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ❑ No
- ❑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ❑ No
- ❑ Yes

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☑ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

- ☐ No
- ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☐ No
- ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)
_____ Total face amount – doubtful or uncollectible amount = → $_____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| Description | Tax year | Current value |
|---|---|---|
| Federal NOL Carryover | 2023 | $ 2,536,473 |
| Federal NOL | 2024 | $ Undetermined |
| Federal NOL | 2025 | $ Undetermined |

73. **Interests in insurance policies or annuities**
D&O Insurance (Side A Only) - Landmark American Insurance Company — $ Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
See Global Notes — $ 187,500.04 + Undetermined
**Nature of claim** _____
**Amount requested** $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
Metaverse Technology Company FZE — $ Unliquidated
**Nature of claim** Arbitration Counter Claim
**Amount requested** $ Unliquidated

76. **Trusts, equitable or future interests in property**
_____ $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership
_____ $_____
_____ $_____

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. — $ 2,723,973.04

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 67,144 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 22,893 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | |
| 88. **Real property.** *Copy line 56, Part 9.* ➔ | | $ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 2,723,973.04 | |
| 91. **Total.** Add lines 80 through 90 for each column. | 91a. $ 2,814,010.04 | + 91b. $ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. $ 2,814,010.04

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor name MVMT Labs, Inc.

United States Bankruptcy Court for the: ______________________ District of DE (State)

Case number (If known): 26-11113

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Creditor's name** ______________________

**Describe debtor's property that is subject to a lien** ______________________ $__________ $__________

**Creditor's mailing address** ______________________

**Describe the lien** ______________________

**Creditor's email address, if known** ______________________

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** __________

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
______________________

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2 Creditor's name** ______________________

**Describe debtor's property that is subject to a lien** ______________________ $__________ $__________

**Creditor's mailing address** ______________________

**Describe the lien** ______________________

**Creditor's email address, if known** ______________________

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** __________

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  ______________________
  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $__________

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor MVMT Labs, Inc.

United States Bankruptcy Court for the: ______________ District of DE (State)

Case number (If known) 26-11113

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☐ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1 Priority creditor's name and mailing address**<br>Delaware Division of Corporations<br>820 N. French Street, Wilmington, DE, 19801<br>**Date or dates debt was incurred**<br>______<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☑ Unliquidated<br>☑ Disputed<br>**Basis for the claim:**<br>Delaware Franchise Taxes<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $ Undetermined | $ Undetermined |
| **2.2 Priority creditor's name and mailing address**<br>______<br>**Date or dates debt was incurred**<br>______<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>______<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $______ | $______ |
| **2.3 Priority creditor's name and mailing address**<br>______<br>**Date or dates debt was incurred**<br>______<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>______<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $______ | $______ |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
Anchorage Digital Bank NA
101 S. Reid St Suite 329, Sioux Falls, SD, 57103

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** Trade Debt

$ 105,000

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**3.2 Nonpriority creditor's name and mailing address**
Groom Lake Private Military Corporation, LLC / GLPMC, LLC
922 Heard Ave, Augusta, GA, 30904

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☑ Unliquidated
- ☐ Disputed

**Basis for the claim:** Trade Debt

$ Undetermined

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**3.3 Nonpriority creditor's name and mailing address**
Ironclad Inc.
650 California St. Suite 1100, San Francisco, CA, 94108

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** Trade Debt

$ 17,000

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**3.4 Nonpriority creditor's name and mailing address**
Move Industries
1950 University Ste. 506, Palo Alto, CA, 94303

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Basis for the claim:** Contract

$ 125,000

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**3.5 Nonpriority creditor's name and mailing address**
Notifi Network, Inc.
1511B Sturgus Ave S, Seattle, WA, 98144-3519

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** Trade Debt

$ 15,000

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**3.6 Nonpriority creditor's name and mailing address**
Otter Audits LLC (d.b.a Ottersec)
519 West 22nd Street, Sioux Falls, SD, 57105

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Basis for the claim:** Trade Debt

$ 174,600

**Date or dates debt was incurred** ___
**Last 4 digits of account number** ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Part 2: Additional Page**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

**Amount of claim**

3.7 **Nonpriority creditor's name and mailing address**

Rushikesh Manche

[redacted]

**As of the petition filing date, the claim is:** *Check all that apply.*

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

$ 1,674,427.38

**Basis for the claim:** Contractual Advancement Claim

**Date or dates debt was incurred** ______

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

3.8 **Nonpriority creditor's name and mailing address**

Vinit Parekh (d.b.a. Mithai Trust / Digital Incubation Group)

45 Rockefeller Plaza 20th Floor, New York, NY, 10111

**As of the petition filing date, the claim is:** *Check all that apply.*

- ☐ Contingent
- ☑ Unliquidated
- ☑ Disputed

$ Undetermined

**Basis for the claim:** Advisory Services (MOU)

**Date or dates debt was incurred** ______

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

3.9 **Nonpriority creditor's name and mailing address**

Metaverse Technology Company FZE

Dubai Digital Park, Office A7, Dubai Silicon Oasis, UAE

**As of the petition filing date, the claim is:** *Check all that apply.*

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

$ Undetermined

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

3.__ **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ ______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

3.__ **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ ______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Samuel Hershey (sam.hershey@whitecase.com)<br>1221 Avenue of the Americas<br>New York, NY 10020-1095 | Line 7<br>❑ Not listed. Explain | |
| 4.2. | Kate Roggio Buck (kbuck@mccarter.com)<br>Renaissance Center, 405 N. King St., 8th Fl<br>Wilmington, DE 19801 | Line 7<br>❑ Not listed. Explain | |
| 4.3. | Aaron M. Zeisler, Zeisler PLLC<br>45 Rockefeller Plaza, 20th Floor<br>New York, NY 10111 | Line 8<br>❑ Not listed. Explain | |
| 4.4. | Nous Legal DAO<br>418 Broadway #5041<br>Albany, NY, 12207 | Line 9<br>❑ Not listed. Explain | |
| 41. | | Line<br>❑ Not listed. Explain | |
| 4.5. | | Line<br>❑ Not listed. Explain | |
| 4.6. | | Line<br>❑ Not listed. Explain | |
| 4.7. | | Line<br>❑ Not listed. Explain | |
| 4.8. | | Line<br>❑ Not listed. Explain | |
| 4.9. | | Line<br>❑ Not listed. Explain | |
| 4.10. | | Line<br>❑ Not listed. Explain | |
| 4.11. | | Line<br>❑ Not listed. Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ Undetermined |
| 5b. **Total claims from Part 2** | 5b. + | $ 2,111,027.38 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 2,111,027.38 + Undetermined |

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor name MVMT Labs, Inc.

United States Bankruptcy Court for the: District of DE (State)

Case number (If known): 26-11113 Chapter

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   - ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | See Schedule G Exhibit | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

REDACTED VERSION

**Fill in this information to identify the case:**

Debtor name MVMT Labs, Inc.

United States Bankruptcy Court for the: District of DE (State)

Case number (If known): 26-11113

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |

REDACTED VERSION

**Schedule G**

Executory Contracts and Unexpired Leases

[1] Contract on file with the Debtor has material deficiencies (e.g., is not fully executed).
[2] Debtor does not currently have evidence of performance under the contract.
[3] Debtor was unable to identify a contract.

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Notes | Address 1 | Address 2 | City | State | ZIP | Country | State what the contract or lease is for and the nature of the debtor's interest | State the term remaining, in days |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Movement Network Foundation | | 71 Fort Street | P.O. Box 10035 | George Town | Grand Cayman | KY1-1001 | Cayman Islands | TERMINATION AND SETTLEMENT AGREEMENT dtd. 12/2/2025 | Undetermined (See Global Notes) |
| 2.2 | Move Ind. Inc. | | 1950 University Avenue | Ste. 506 | East Palo Alto | CA | 94303 | USA | TEAM AND ASSET TRANSFER AGREEMENT dtd. 11/26/2025 | Undetermined (See Global Notes) |
| 2.3 | Cooper Scanlon | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | INDEPENDENT CONTRACTOR AGREEMENT dtd. 7/14/2026 | N/A |
| 2.4 | Joseph Golding - Ochsner | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | INDEPENDENT CONTRACTOR AGREEMENT dtd. 7/14/2026 | N/A |
| 2.5 | Matthew R. Kahn (MRSAKAHN II, LLC) | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | INDEPENDENT DIRECTOR AGREEMENT dtd. 7/10/2026 | N/A |
| 2.6 | Landmark American Insurance Company (RSUI Group, Inc.) | | 945 East Paces Ferry Road | Suite 1800 | Atlanta | GA | 30326 | USA | PORTABLE INDIVIDUAL DIRECTORS AND OFFICERS LIABILITY POLICY | 360 |
| 2.7 | TRANSPERFECT Document Management, Inc. | | 160 Spear Street | Suite 400 | San Francisco | CA | 94105 | USA | SERVICE AGREEMENT | N/A |
| 2.8 | Rippling, Inc. | | 430 California Street | 11th Floor | San Francisco | CA | 94104 | USA | SERVICE AGREEMENT | N/A |
| 2.9 | Adam Cader | [1, 2] | | | | | | | ADVISORY AGREEMENT | N/A |
| 2.10 | Bennett Thompson | [2] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | ADVISORY AGREEMENT | N/A |
| 2.11 | Brandon Suzuki | [2] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | ADVISORY AGREEMENT | N/A |
| 2.12 | CZ Labs Management Ltd. | [2] | Ugland House, South Church Street | P.O. Box 309 | | Grand Cayman | KY1-1104 | Cayman Islands | ADVISORY AGREEMENT | N/A |
| 2.13 | Elixir General Partners | [2] | 94 Solaris Avenue | P.O. Box 1348 | Camana Bay | Grand Cayman | KY1-1108 | Cayman Islands | ADVISORY AGREEMENT | N/A |
| 2.14 | Enigmafund LLC | [1, 2] | New Horizon Building, Ground Floor | 3 1/2 Miles Philip S.W. Goldson Highway | | Belize City | | Belize | ADVISORY AGREEMENT | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.15 | Gotbit Consulting LLC | [2] | Blake Building Suite 302 | Corner Hutson and Eyre Street | | Belize City | | Belize | ADVISORY AGREEMENT | N/A |
| 2.16 | Interop Ventures Fund 1 LP | [2] | 89 Nexus Way | | Camana Bay | Grand Cayman | KY1-9009 | Cayman Islands | ADVISORY AGREEMENT | N/A |
| 2.17 | Metaverse Technology Company FZE | [2] | Dubai Digital Park | Office A7 | Dubai Silicon Oasis | | | UAE | ADVISORY AGREEMENT | N/A |
| 2.18 | Saxon Advisors | [1, 2] | DSO-IFZA, IFZA Properties | | Dubai | | | UAE | ADVISORY AGREEMENT | N/A |
| 2.19 | Shak Capital Inc | [2] | 1 Bloor St E | | Toronto | Ontario | | Canada | ADVISORY AGREEMENT | N/A |
| 2.20 | Stephen Brudzewski | [2] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | ADVISORY AGREEMENT | N/A |
| 2.21 | Winn Venture Corp. (Jarred Winn) | [2] | Intershore Chambers | | Road Town | Tortola | | BVI | ADVISORY AGREEMENT | N/A |
| 2.22 | Winn Ventures Corp. (Arnold Placer) | [2] | Intershore Chambers | | Road Town | Tortola | | BVI | ADVISORY AGREEMENT | N/A |
| 2.23 | Silota Research and Development Inc (Covalent) | [2] | Email on file. | | | | | | INDEXING AGREEMENT | N/A |
| 2.24 | Jeanette Seng | [2] | Email on file. | | | | | | SERVICE AGREEMENT | N/A |
| 2.25 | 1470621 B.C. Ltd | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.26 | 3EKV LLC | [1] | 106 Sentosa Street | | Irvine | CA | 92618 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.27 | 4RC Ventures II LP | | 2219 Main St | Unit 694 | Santa Monica | CA | 90405 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.28 | ABCD SPV I, LLC | | 2205 W 136th Avenue | Ste 106 PMB 2225 | Broomfield | CO | 80023 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.29 | Abhimanyu Bansal | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.30 | Absoluta | | Kabdolova street 2 | | Almaty | | 050000 | Kazakhstan | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.31 | Adam Smith | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.32 | Ajit Kumar Tripathi | | [redacted] | [redacted] | | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.33 | Ajit Tripathi | [1] | [redacted] | [redacted] | | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.34 | Alexander Opeagbe | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.35 | Alexander Phua | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.36 | Altasia Investments Limited | | 26 New Street | | St Helier | Jersey | JE2 3RA | UK | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.37 | Alwan Zaidan | | Email on file. | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.38 | Alwan Zaidan | | Email on file. | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.39 | Ambush Capital Liquid Cayman | | CO Services Cayman Limited, P.O. Box 10008 | | Cricket Square | Grand Cayman | KY1-1001 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.40 | Ankr PBC | | Room 3801, InterContinental Dubai Marina | | Dubai Marina | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.41 | Ansem Holdings LLC | | 2093 Philadelphia Pike | #5595 | Claymont | DE | 19703 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.42 | Anthony Lesoismier | | | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.43 | Anuke Ganegoda | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.44 | Any Labs | | 3 Fraser Street #04-23A | DUO Tower | | Singapore | 189352 | Singapore | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.45 | Archetype Crypto II LP | | 113 Spring St 4F | | New York | NY | 10012 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.46 | ARTICHOKE CAPITAL FUND LLP | | 309 Ugland House | | | Grand Cayman | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.47 | Asgard Digital Assets Fund LTD | [1] | Casablanca House | | Luck Hill Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.48 | AUGR Capital | | 94 Solaris Avenue | Camana Bay PO Box 1348 | | Grand Cayman | KY1-1108 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.49 | Avalanche Fund LP | | Corporation Trust Center | 1209 Orange Street | New Castle County | Delaware | 19801 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.50 | Avalaunch Platform Corp | | Trust Company Complex | Ajeltake Road | Ajeltake Island | Majuro | MH 96960 | Republic of the Marshall Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.51 | Aves Lair S23 Fund LLC | | 1412 Broadway | | New York | NY | 10018 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.52 | Batuhan Dasgin | | | | Marina Gate | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.53 | Bekhzod Khatamov | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.54 | Ben Rahnema | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.55 | Bilge Tanyeri | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.56 | Bilge Tanyeri | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.57 | Binayak Pande | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.58 | Block Space Force One Ltd | [1] | 60 Paya Lebar Road | #07-54 | | Singapore | | Singapore | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.59 | Blockchain Investors Group, LLC | [1] | 8549 Wilshire Blvd. | Suite 1091 | Beverly Hills | CA | 90211 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.60 | Blocmates | | | | Cape Town | | | South Africa | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.61 | Blue Summit Digital Limited | [1] | c/o Statrys Corporate Services Limited | 17/F Yam Tze Commercial Building | Wan Chai | Hong Kong | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.62 | Borderless Cross-chain Ecosystem Fund LP | | Banco Popular Building | Floor 4 | Road Town | Tortola | VG1110 | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.63 | Borderless Liquid Multi Strategy Fund LP | | Banco Popular Building | Floor 4 | Road Town | Tortola | VG1110 | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.64 | Brian Johnson | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.65 | Brian Retford | [1] | [redacted] | [redacted] | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.66 | Bruno Faviero | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.67 | BVC Digital Opportunities Master Fund I, LTD | | 89 Nexus Way | | Camana Bay | Grand Cayman | KY1-9009 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.68 | CABRIT CAPITAL LTD | | Tortola Pier Park, Building 1, Second Floor | Wickmans Cay I | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.69 | Calvin Liu | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.70 | CAP MAVEN MARKETING MANAGEMENT | | 202 12th Floor Al Fahidi Heights | | Bur Dubai | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.71 | Chen Qijan | | | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.72 | Christian Sullivan | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.73 | CitizenX Crypto Ventures Fund II, LP | | 135 Madison Avenue 5th Fl | c/o Carmichael Law PC | New York | NY | 10016 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.74 | Clayton Menzel | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.75 | COLONY LAB LTD | | Suite 212, Second Floor, Block A | Unity House | Victoria | Mahé | | Seychelles | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.76 | COLONY LAB LTD | | Suite 212, Second Floor, Block A | Unity House | Victoria | Mahé | | Seychelles | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.77 | Continue Asset Management Ltd | | P.O. Box 31119, Grand Pavilion, Hibiscus Way, 802 West bay Road | | Grand Cayman | | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.78 | Continue Asset Management Ltd | [1] | P.O. Box 31119, Grand Pavilion, Hibiscus Way, 802 West bay Road | | Grand Cayman | | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.79 | Crypto.com Capital | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.80 | CryptologSpace | [1] | BTN. Gowa Lestari Blok A3/7 | | | | | Indonesia | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.81 | CVP | | 9373 S. Priest Rd | | French Camp | CA | 95231 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.82 | CZ Labs Management Ltd. | | Ugland House, South Church Street | P.O. Box 309 | | Grand Cayman | KY1-1104 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.83 | Dan Mgbor | | | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.84 | Daniel Abelon | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.85 | Daniel Hans Tan | [1] | [redacted] | [redacted] | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.86 | Daniel Nunes | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.87 | Daniel Que | [1] | [redacted] | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.88 | Danilo Carucci | [1] | [redacted] | [redacted] | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.89 | Danny Christ | | | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.90 | DAO5 CAPITAL FUND L.P. | | ONE Cable Beach, G10, West Bay Street | | Nassau | | | Bahamas | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.91 | DAO5 CAPITAL FUND L.P. | | ONE Cable Beach, G10, West Bay Street | | Nassau | | | Bahamas | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.92 | DeFi Saint | [1] | No 12 Ilesanmi Crescent Liberty estate Ojo | | Lagos | | | Nigeria | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.93 | Delta747 Limited | | PO Box 91 | | Douglas | Isle of Man | IM99 1AX | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.94 | Dennison Bertram | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.95 | Digital Consensus Fund SA | | Torre Advanced Building | 1st Floor, Ricardo Arias Street | | Panama | | Republic of Panama | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.96 | Ding Xiao | [1] | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.97 | Djamaladine Souleyman | [1] | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.98 | DocXBT | [1] | 10710 Keats Ave | | Clovis | CA | 93619 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.99 | Dovey Wan | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.100 | Emilio Maglione-Fulco | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.101 | Enigmafund LLC | | New Horizon Building, Ground Floor | 3 1/2 Miles Philip S.W. Goldson Highway | | Belize City | | Belize | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.102 | Eser Uyanik | | | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.103 | Eterna Blockchain Fund II | | The Exchange | George's Dock | IFSC | Dublin 1 | | Ireland | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.104 | Eugene Attalah | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.105 | EV3 Ventures LLC | | 501 Madison Avenue | | New York | NY | 10019 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.106 | Everest TM Limited | | Vistra Corporate Services Centre | Wickhams Cay II | Road Town | Tortola | VG1110 | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.107 | exTerra Ventures | | PO Box 315 | | El Prado | NM | 87529 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.108 | FIGMENT MASTER FUND II, LP | | c/o Campbells Corporate Services Limited | Floor 4, Willow House | Cricket Square | Grand Cayman | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.109 | Fjodor Agranat | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.110 | Flowdesk | | 231 rue Saint Honore | | Paris | | 75001 | France | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.111 | Foresight Research Pte Ltd. | [1] | 71 Ubi Road 1 | #10-42 | Oxley Bizhub | Singapore | | Singapore | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.112 | Foresight Research Pte Ltd. | [1] | 71 Ubi Road 1 | #10-42 | Oxley Bizhub | Singapore | | Singapore | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.113 | Francis White | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.114 | Gann Liquid Investments LLC | | 15300 S. McKinley Ave. | | Lathrop | CA | 95330 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.115 | Garrison Yang | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.116 | Gate Ventures Capital Corp. | | 103 South Church Street | | Grand Cayman | | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.117 | GC | | 937 Av Roland-Beaudin | | QC | QC | | Canada | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.118 | George Alexander | [1] | [redacted] | | | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.119 | George Burke | | [redacted] | [redacted] | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.120 | George Lambeth | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.121 | Georgios Vlachos | | [redacted] | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.122 | GuanxiDAO Pte. Ltd. | | 20A Tanjong Pagar Road | | | Singapore | 088443 | Singapore | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.123 | Hack VF 2022 LP | | CO Conyers Trust Company (Cayman) Limited | Cricket Square, Hutchins Drive | | Grand Cayman | KY1-1111 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.124 | Hansen Niu | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.125 | Hon Weng Tuang | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.126 | Hypersphere Parallel Network Master Fund | | PO Box 309 | Ugland House | | Grand Cayman | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.127 | Interop SAS | | 59 rue Ponthieu Bureau 326 | | Paris | | 75008 | France | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.128 | Interop Ventures Fund 1 LP | | 89 Nexus Way | | Camana Bay | Grand Cayman | KY1-9009 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.129 | J17 Pioneer Fund L.P. | | 89 Nexus Way | | Camana Bay | Grand Cayman | KY1-9009 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.130 | Jan Stastny | | [redacted] | [redacted] | | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.131 | Jason Yanowitz | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.132 | Jayendra Jog | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.133 | Jeffrey Feng | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.134 | Jerry Liu | | [redacted] | [redacted] | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.135 | Jia Yaoqi | | [redacted] | [redacted] | | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.136 | Joe Takayama | [1] | [redacted] | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.137 | Jonathan Brosseau | | [redacted] | | | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.138 | JONATHAN M WEST | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.139 | JONATHAN M WEST | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.140 | Josh Hesketh | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.141 | Jung-Yung Jonathan Lim Chang | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.142 | KBL Investment Limited | [1] | Office 1402 MM Towers | Al Maktoum Street, P.O. Box 23138 | | | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.143 | Keone Hon | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.144 | Kirby Fine | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.145 | Ko Beng Hin | | [redacted] | | | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.146 | Kwangsung Park | [1] | [redacted] | | | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.147 | La Gold Cartel LLC | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.148 | Luna Ventures FZCO | | Dubai Silicon Oasis DDP | Building A2 | | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.149 | Machine Identity LLC | | 5900 Balcones Drive | | Austin | TX | 78731 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.150 | Mark Santin | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.151 | Matonee Inc | | 745 Emerson St | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.152 | Matthew Mery | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.153 | Matthew Paik | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.154 | Maven 11 | | Ogier Global (Cayman) Limited, 89 Nexus Way, Camana Bay | | Grand Cayman | KY1 | 9009 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.155 | Mawson Consultants Limited | | Intershore Chambers Road | | Tortola | | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.156 | Mehdi Farooq | [1] | [redacted] | [redacted] | | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.157 | Mentat Group LTD | | 2323CC 23rd Sky Tower | | Al Reem Island | Abu Dhabi | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.158 | Merkle Tech Capital | | 50 Bd Stalingrad | | Nice | | 06300 | France | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.159 | MH Technologies Ltd | | Suite 9 Ansuya Estate | | Victoria | Mahe | | Seychelles | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.160 | Michael Heinrich | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.161 | Michael Shafer | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.162 | Michael Wurzinger | | [redacted] | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.163 | Mile High Blockchain | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.164 | Minhui Chen | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.165 | MITCHELL S CHASE | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.166 | Moyukh Sen | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.167 | NacionCrypto | | Dg 75C #2A 146 | | Medellin | | | Colombia | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.168 | Neer Capital LTD | [1] | Wickhams Cay 1 | P.O. Box 3140 | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.169 | Ng Wei Hao Michael | [1] | [redacted] | | | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.170 | Nilseh Global Ltd, | | Intershore Chambers PO Box 4342 | | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.171 | Nomad Group | | 4th Floor Harbour Place | 103 South Church Street PO Box 10240 | | Grand Cayman | KY1-1002 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.172 | Not My Circus Capital LLC | [1] | 396 Washington St Ste #395 | | Wellesley | MA | 02481 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.173 | Not My Circus Not My Capital LLC | [1] | 396 Washington St Ste #395 | | Wellesley | MA | 02481 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.174 | Oai Lam | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.175 | Oai Lam | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.176 | OKG Ventures Limited | [3] | Email on file. | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.177 | Oleg Pavletsov | | [redacted] | [redacted] | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.178 | Oliver Bickell | | [redacted] | [redacted] | | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.179 | Paul Kim | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.180 | Pavanveer Singh Heer | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.181 | Pavanveer Singh Heer | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.182 | Pedro Gomes | | [redacted] | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.183 | Peter Wang | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.184 | Phronesis Limited | [1] | 190 Elgin Avenue | | Grand Cayman | | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.185 | Placeholder Fund III, LP | | 25 Broad Street | | New York | NY | 10004 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.186 | Polkassembly LLC | | Sharjah Media City | | Sharjah | | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.187 | Polychain Master Fund I LP | | 548 Market Street | Suite 64375 | San Francisco | CA | 94104 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.188 | Polychain Parallel Fund I LP | | 548 Market Street | Suite 64375 | San Francisco | CA | 94104 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.189 | Proof Capital Special Situations Fund S-3 | | 3017 7th Street SW | | Calgary | AB | T2T 2X6 | Canada | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.190 | Protagonist LP | | 9961 E Broadview Drive | | Bay Harbor Islands | FL | 33154 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.191 | Public Works LP | | Willow House | | Cricket Square | Grand Cayman | KY1-9010 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.192 | Rached Rayeh | [1] | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.193 | Radostin Minchev | | [redacted] | | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.194 | RECURSIVE GROUP, LLC | | 355 1st St | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.195 | Ricadano Capital LLC | [3] | | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.196 | Roxi | [1] | 138 Spencer Street | | Melbourne | | | Australia | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.197 | RPMA \| LLC | | 251 Little Falls Drive | | Wilmington | DE | 19808 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.198 | Sagaar Mandavia | | [redacted] | [redacted] | [redacted] | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.199 | Samantha Bohbot | | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.200 | Saxon Ventures | | DSO-IFZA | IFZA Properties | Dubai Silicon Oasis | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.201 | Scott Moses Sunarto | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.202 | SeedHorizon Group | | Avda Las Magnolias | | Colonia San Benito | San Salvador | | El Salvador | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.203 | Sera Partners Limited | | Ritter House | | Road Town | Tortola | VG1110 | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.204 | Shak Capital Inc. | | 1 Bloor St E | | Toronto | Ontario | | Canada | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.205 | Shiny Pony LLC | | 30 N Gould St | Suite R | Sheridan | WY | 82801 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.206 | Silvermine Capital Advisors, LLC | [1] | 85 Sherman Turnpike | | Redding | CT | 06896 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.207 | Silvermine Capital Advisors, LLC | | 85 Sherman Turnpike | | Redding | CT | 06896 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.208 | Simon Charles Doherty | [1] | [redacted] | [redacted] | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.209 | Sintra FZCO | | IFZA Business Park | | | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.210 | Skip Technology | | 23 marina | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.211 | Soban Saqib | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.212 | Software Dev Integration Ltd. | | Email on file. | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.213 | Sonny Azeez | | [redacted] | | [redacted] | [redacted] | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.214 | Sparta Digital Pte Ltd | [3] | Email on file. | | | | | | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.215 | Sreeram Kannan | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.216 | SRS Investment Holdings Limited | | Trinity Chambers | PO Box 4301 | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.217 | Taisu Ventures Web3 Fund Limited Partnership | | 190 Elgin Avenue | c/o Walkers Corporate Limited | George Town | Grand Cayman | KY1-9008 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.218 | Third Earth Capital LP | | 52 Greenwich Ave | Apt 7 | New York | NY | 10011 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.219 | Thomas Yu | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.220 | Timothy Wang | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.221 | Toge Gunkel | [1] | [redacted] | | [redacted] | | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.222 | Token Metrics Ventures Fund Ltd | | Craigmuir Chambers | | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.223 | Token Metrics Ventures Ltd | | PO Box 71 Craigmuir Chambers | | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.224 | Travis Blane | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.225 | TRGC SPC Limited | | Sea Meadow House, Blackburne Highway | | Road Town | Tortola | VG1110 | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.226 | TrueBridge Blockchain I Holdings, L.P. | | 1011 S Hamilton Rd | | Chapel Hill | NC | 27517 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.227 | TSS Digital FZCO | | | | | Dubai | | UAE | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.228 | Two Square Capital | [1] | Intershore Chambers | | Road Town | Tortola | | BVI | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.229 | Up Top Search | | 320 Adolphus Avenue | | Cliffside Park | NJ | 07010 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.230 | VARYS CAPITAL VENTURES SP1 | | c/o Hermes Corporate Services Ltd., Fifth Floor, Zephyr House | | George Town | Grand Cayman | KY1-1206 | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.231 | Vllaki LP | | | | Miami | FL | 33131 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.232 | Vyas Venkatakrishnan | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.233 | WAGMI 55- WAGMI Master LLC | | 382 NE 191st Street PBM 88102 | | Miami | FL | 33179 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.234 | Wenxin Hong | [1] | [redacted] | | | | | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.235 | Yorkville Commodities LLC | | 620 S Gramercy Pl #228 | | Los Angeles | CA | 90005 | USA | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.236 | Yuta Moxley | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.237 | Yuta Moxley | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.238 | ZK Enpachi Foundation | | Apollo House East | | George Town | | | Cayman Islands | SIMPLE AGREEMENT FOR FUTURE EQUITY | N/A |
| 2.239 | FACTBLOCK Corp. | [1, 2] | Email on file. | | | | | | SPONSORSHIP AGREEMENT | N/A |
| 2.240 | 1470621 B.C. Ltd | [3] | | | | | | | TOKEN WARRANT | N/A |
| 2.241 | 3EKV LLC | [1] | 106 Sentosa Street | | Irvine | CA | 92618 | USA | TOKEN WARRANT | N/A |
| 2.242 | Ajit Tripathi | [1] | [redacted] | [redacted] | | [redacted] | | [redacted] | TOKEN WARRANT | N/A |
| 2.243 | Alwan Zaidan | | Email on file. | | | | | | TOKEN WARRANT | N/A |
| 2.244 | Alwan Zaidan | | Email on file. | | | | | | TOKEN WARRANT | N/A |
| 2.245 | Ansem Holdings LLC | | 2093 Philadelphia Pike | #5595 | Claymont | DE | 19703 | USA | TOKEN WARRANT | N/A |
| 2.246 | Archetype Crypto II LP | | 113 Spring St 4F | | New York | NY | 10012 | USA | TOKEN WARRANT | N/A |
| 2.247 | ARTICHOKE CAPITAL FUND LLP | | 309 Ugland House | | | Grand Cayman | | Cayman Islands | TOKEN WARRANT | N/A |
| 2.248 | Asgard Digital Assets Fund LTD | [1] | Casablanca House | | Luck Hill Road Town | Tortola | | BVI | TOKEN WARRANT | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.249 | AUGR Capital | | 94 Solaris Avenue | Camana Bay PO Box 1348 | | Grand Cayman | KY1-1108 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.250 | Bekhzod Khatamov | | [redacted] | | [redacted] | | | [redacted] | TOKEN WARRANT | N/A |
| 2.251 | Ben Rahnema | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.252 | Binayak Pande | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.253 | Blockchain Investors Group, LLC | [1] | 8549 Wilshire Blvd. | Suite 1091 | Beverly Hills | CA | 90211 | USA | TOKEN WARRANT | N/A |
| 2.254 | Brian Retford | [1] | [redacted] | [redacted] | | | | | TOKEN WARRANT | N/A |
| 2.255 | Bruno Faviero | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.256 | Crypto.com Capital | [3] | | | | | | | TOKEN WARRANT | N/A |
| 2.257 | CZ Labs Management Ltd. | | Ugland House, South Church Street | P.O. Box 309 | | Grand Cayman | KY1-1104 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.258 | CZ Labs Management Ltd. | | Ugland House, South Church Street | P.O. Box 309 | | Grand Cayman | KY1-1104 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.259 | Daniel Abelon | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.260 | Daniel Hans Tan | [1] | [redacted] | [redacted] | [redacted] | [redacted] | | [redacted] | TOKEN WARRANT | N/A |
| 2.261 | Daniel Nunes | [1] | [redacted] | | [redacted] | | | [redacted] | TOKEN WARRANT | N/A |
| 2.262 | DAO5 CAPITAL FUND L.P. | | ONE Cable Beach, G10, West Bay Street | | Nassau | | | Bahamas | TOKEN WARRANT | N/A |
| 2.263 | DAO5 CAPITAL FUND L.P. | | ONE Cable Beach, G10, West Bay Street | | Nassau | | | Bahamas | TOKEN WARRANT | N/A |
| 2.264 | DocXBT | [1] | 10710 Keats Ave | | Clovis | CA | 93619 | USA | TOKEN WARRANT | N/A |
| 2.265 | Enigmafund LLC | | New Horizon Building, Ground Floor | 3 1/2 Miles Philip S.W. Goldson Highway | | Belize City | | Belize | TOKEN WARRANT | N/A |
| 2.266 | EV3 Ventures LLC | [1] | 501 Madison Avenue | | New York | NY | 10019 | USA | TOKEN WARRANT | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.267 | Everest TM Limited | | Vistra Corporate Services Centre | Wickhams Cay II | Road Town | Tortola | VG1110 | BVI | TOKEN WARRANT | N/A |
| 2.268 | FIGMENT MASTER FUND II, LP | | c/o Campbells Corporate Services Limited | Floor 4, Willow House | Cricket Square | Grand Cayman | | Cayman Islands | TOKEN WARRANT | N/A |
| 2.269 | Fjodor Agranat | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.270 | Foresight Research Pte Ltd. | [1] | 71 Ubi Road 1 | #10-42 | Oxley Bizhub | Singapore | | Singapore | TOKEN WARRANT | N/A |
| 2.271 | Foresight Research Pte Ltd. | [1] | 71 Ubi Road 1 | #10-42 | Oxley Bizhub | Singapore | | Singapore | TOKEN WARRANT | N/A |
| 2.272 | Francis White | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.273 | Garrison Yang | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.274 | Gate Ventures Capital Corp. | | 103 South Church Street | | Grand Cayman | | | Cayman Islands | TOKEN WARRANT | N/A |
| 2.275 | George Alexander | [1] | [redacted] | | | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.276 | George Burke | | [redacted] | [redacted] | [redacted] | | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.277 | Hack VF 2022 LP | | CO Conyers Trust Company (Cayman) Limited | Cricket Square, Hutchins Drive | | Grand Cayman | KY1-1111 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.278 | Hypersphere Parallel Network Master Fund | | PO Box 309 | Ugland House | | Grand Cayman | | Cayman Islands | TOKEN WARRANT | N/A |
| 2.279 | Interop SAS | [1] | 59 rue Ponthieu Bureau 326 | | Paris | | 75008 | France | TOKEN WARRANT | N/A |
| 2.280 | Interop Ventures Fund 1 LP | | 89 Nexus Way | | Camana Bay | Grand Cayman | KY1-9009 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.281 | Jayendra Jog | [3] | | | | | | | TOKEN WARRANT | N/A |
| 2.282 | Kwangsung Park | [1] | [redacted] | | | [redacted] | | [redacted] | TOKEN WARRANT | N/A |
| 2.283 | Luna Ventures FZCO | | Dubai Silicon Oasis DDP | Building A2 | | Dubai | | UAE | TOKEN WARRANT | N/A |
| 2.284 | Matonee Inc | | 745 Emerson St | | | | | | TOKEN WARRANT | N/A |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.285 | Matthew Paik | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.286 | Michael Heinrich | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.287 | Michael Wurzinger | | [redacted] | | [redacted] | [redacted] | | [redacted] | TOKEN WARRANT | N/A |
| 2.288 | Mile High Blockchain | [3] | | | | | | | TOKEN WARRANT | N/A |
| 2.289 | Moyukh Sen | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.290 | Neer Capital LTD | [1] | Wickhams Cay 1 | P.O. Box 3140 | Road Town | Tortola | | BVI | TOKEN WARRANT | N/A |
| 2.291 | Not My Circus Capital LLC | [1] | 396 Washington St Ste #395 | | Wellesley | MA | 02481 | USA | TOKEN WARRANT | N/A |
| 2.292 | Not My Circus Not My Capital LLC | [1] | 396 Washington St Ste #395 | | Wellesley | MA | 02481 | USA | TOKEN WARRANT | N/A |
| 2.293 | Phronesis Limited | [1] | 190 Elgin Avenue | | Grand Cayman | | | Cayman Islands | TOKEN WARRANT | N/A |
| 2.294 | Polkassembly LLC | | Sharjah Media City | | Sharjah | | | UAE | TOKEN WARRANT | N/A |
| 2.295 | Polychain Master Fund I LP | | 548 Market Street | Suite 64375 | San Francisco | CA | 94104 | USA | TOKEN WARRANT | N/A |
| 2.296 | Polychain Parallel Fund I LP | | 548 Market Street | Suite 64375 | San Francisco | CA | 94104 | USA | TOKEN WARRANT | N/A |
| 2.297 | Public Works LP | | Willow House | | Cricket Square | Grand Cayman | KY1-9010 | Cayman Islands | TOKEN WARRANT | N/A |
| 2.298 | RECURSIVE GROUP, LLC | | 355 1st St | | | | | | TOKEN WARRANT | N/A |
| 2.299 | Ricadano Capital LLC | [3] | | | | | | | TOKEN WARRANT | N/A |
| 2.300 | Roxi | [1] | 138 Spencer Street | | Melbourne | | | Australia | TOKEN WARRANT | N/A |
| 2.301 | Sagaar Mandavia | | 23B Clevedon Mansions | Lissenden Gardens | London | | | UK | TOKEN WARRANT | N/A |
| 2.302 | Shak Capital Inc. | | 1 Bloor St E | | Toronto | Ontario | | Canada | TOKEN WARRANT | N/A |

REDACTED VERSION

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.303 | Simon Charles Doherty | [1] | 22B Azura | 2A Seymour Rd | Mid Levels | Hong Kong | | Hong Kong | TOKEN WARRANT | N/A |
| 2.304 | Sintra FZCO | | IFZA Business Park | | | Dubai | | UAE | TOKEN WARRANT | N/A |
| 2.305 | Skip Technology | | 23 marina | | | | | | TOKEN WARRANT | N/A |
| 2.306 | Soban Saqib | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.307 | Sreeram Kannan | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.308 | Thomas Yu | [1] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.309 | TrueBridge Blockchain I Holdings, L.P. | | 1011 S Hamilton Rd | | Chapel Hill | NC | 27517 | USA | TOKEN WARRANT | N/A |
| 2.310 | TSS Digital FZCO | | | | | Dubai | | UAE | TOKEN WARRANT | N/A |
| 2.311 | Vyas Venkatakrishnan | | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.312 | WAGMI 55- WAGMI Master LLC | | 382 NE 191st Street PBM 88102 | | Miami | FL | 33179 | USA | TOKEN WARRANT | N/A |
| 2.313 | Wenxin Hong | [1] | [redacted] | | | | | [redacted] | TOKEN WARRANT | N/A |
| 2.314 | Yuta Moxley | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |
| 2.315 | Yuta Moxley | [1] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | TOKEN WARRANT | N/A |

REDACTED VERSION

**Fill in this information to identify the case and this filing:**

Debtor Name MVMT Labs, Inc.

United States Bankruptcy Court for the: ______________________ District of DE (State)

Case number (*If known*): 26-11113

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [x] *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- [x] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- [x] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- [x] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- [x] *Schedule H: Codebtors* (Official Form 206H)
- [x] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- [ ] Amended *Schedule* ____
- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- [ ] Other document that requires a declaration______________________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/27/2026
MM / DD / YYYY

✘ ***/s/ Michael Robinson***
Signature of individual signing on behalf of debtor

Michael Robinson
Printed name

Chief Restructuring Officer
Position or relationship to debtor