**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| MVMT Labs, Inc., | § | Case No. 26-11113 (TMH) |
| Debtor.[1] | § | **Related Docket Nos. 19, 33, 121** |
| | § | **Hearing Date: September 3, 2026 (11:00 a.m.)** |
| | § | **Obj. Deadline September 1, 2026 (4:00 p.m.)** |

**PRELIMINARY OBJECTION BY RUSHIKESH MANCHE TO SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) OBTAIN POSTPETITION FINANCING AND (B) GRANT LIENS, INCLUDING SENIOR SECURED LIENS, AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (II) MODIFYING THE AUTOMATIC STAY**

Rushikesh Manche, by and through his undersigned counsel, hereby files this preliminary objection to the Debtor's proposed *Second Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing and (B) Grant Liens, Including Senior Secured Liens, and Superpriority Administrative Expense Claims; and (II) Modifying the Automatic Stay* [D.I. 121] (the "**Proposed Second Interim DIP Order**") and respectfully states as follows:

## OBJECTION

1. The Proposed Second Interim DIP Order is anything but an "interim" order. It seeks an additional $3.45 million of funding, an amount that is ***nearly five times*** greater than the amount sought in the first interim DIP order ($750,000). It includes material changes to the DIP terms, including a new term providing that each Foundation Party—a defined term that includes basically every person and entity associated with Movement Network Foundation, the DIP lender's parent and the true party in interest—can recover up to ***$33.5 million*** from the litigation trust that

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

the Foundation Parties are funding supposedly for the benefit of creditors. It will allow the Debtor to receive, across two purported "interim" orders, a combined amount of DIP financing totaling ***nearly 75%*** of the final amount sought in the DIP motion ($4.2 million out of $5.7 million). And it seeks to upsize the final DIP by ***nearly two thirds***, from $5.7 million to $9.4 million.

2. All of this is being done without a renewed DIP motion (even one filed on an emergency basis), without a further declaration providing factual support for any of the new and extraordinary relief being sought, and on less than 24 hours' notice before the objection deadline.

3. The Proposed Second Interim DIP Order cannot be granted. Among other things, the Debtor cannot obtain a DIP through a series of creeping interim orders. The Debtor cannot upsize the DIP by nearly two thirds and add material new terms through a purported "interim" order. The Debtor cannot seek such relief without providing any record to support it. The Debtor cannot continue to enjoy the shortcuts and benefits of subchapter V while seeking DIP financing, purportedly to fund the case, that is ***nearly three times*** the subchapter V cap. The Debtor cannot deny creditors due process by ramming this relief through with less than 24 hours' notice for objections, and less than 72 hours' notice for the hearing.

4. The Second Interim DIP Order also underscores many of the concerns that Mr. Manche has identified. The Debtor purports to have creditor liabilities totaling less than $3.5 million, yet is seeking to bury those creditors under $4.2 million of superpriority secured debt held by insiders, while also showering those insiders with unqualified releases, liens on claims, and a profit-sharing interest of up to $33.5 million. The Proposed Second Interim DIP Order is redundant proof that this case is being run not for the benefit of creditors, but rather for the benefit of the Debtor's favored insiders at creditors' expense.

5. Despite serious concerns, Mr. Manche did not object to the first interim DIP order. He refrained from doing so because he hoped to find a consensual resolution for his dispute with the Debtor, and because he understands the importance of giving the Debtor a fair shot at reorganizing in bankruptcy. The Second Interim DIP Order, however, further calls into question whether the Debtor is using bankruptcy for a proper purpose, or rather for the improper purpose of benefitting a preferred group of insiders to the detriment of all other parties in interest. Mr. Manche objects.

**RESERVATION OF RIGHTS**

6. Because Mr. Manche has had less than 24 hours' notice of the Second Interim DIP Order, he reserves the right to raise other or further objections at the hearing on September 3, 2026 at 11:00 a.m. (ET).

Dated: September 1, 2026
Wilmington, Delaware

**McCARTER & ENGLISH LLP**

*/s/ Kate Roggio Buck*
Kate Roggio Buck (DE #5140)
405 N. King St., 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Email: kbuck@mccarter.com

Samuel P. Hershey, Esq. (admitted pro hac vice)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: sam.hershey@whitecase.com

*Attorneys for Rushikesh Manche*