**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>MVMT LABS, INC.,<br><br>Debtor. | :<br>:<br>:<br>:<br>: | Chapter 11<br><br>(Subchapter V)<br><br>Case No. 26-11113 (TMH)<br><br>**Hearing Date: Sept. 3, 2026 at 11:00 AM ET**<br>**Objection Ddl.: Sept. 1, 2026 at 4:00 PM ET**<br><br>**Re: D.I. 19, 33, 121** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S PROPOSED SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) OBTAIN POST-PETITION FINANCING AND (B) GRANT LIENS, INCLUDING SENIOR SECURED LIENS, AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (II) MODIFYING THE AUTOMATIC STAY**

In support of his objection (the "Objection") to the Debtor's proposed second interim order (the "Proposed Order") (i) authorizing the Debtor to (a) obtain post-petition financing and (b) grant liens, including senior secured liens, and superpriority administrative expense claims; and (ii) modifying the automatic stay, Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his counsel, avers:

**JURISDICTION AND STANDING**

1. This Court has jurisdiction over the above-captioned case pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine entry of the Proposed Order and this Objection pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See In re Columbia Gas Sys., Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the

U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3. The U.S. Trustee has standing to be heard with respect to the Proposed Order pursuant to 11 U.S.C. § 307.

## GROUNDS/BASIS FOR RELIEF

4. Through the Proposed Order, the Debtor seeks to (i) upsize its debtor-in-possession ("DIP") financing to $9.4 million (from $5.7 million) and (ii) bind itself to proposing a plan which gives the Foundation Parties a 33% share in recoveries by a Litigation Trust above $12.5 million, up to a maximum recovery of $33.5 million (see subparagraph (g) of the definition of "Subchapter V Plan," DIP Credit Agreement; .PDF page 97 of 164, D.I. 121-1, below (bracketed text added; semicolon at end omitted)):

> The Foundation Parties shall contribute to the Litigation Trust the Contributed Claims; *provided*, *however*, that the contribution shall be structured so as to permit the Foundation Parties to retain the benefit of any claims or causes of action they may have to the extent that they may be used as counterclaims in the event of litigation against the Foundation Parties by any third party; *provided*, *further*, that each Foundation Party shall be entitled to receive 33% of any recovery realized by the Litigation Trust in excess of $12.5 million, up to a maximum recovery of $33.5 million[.]

5. The above-referenced provision is vague; it is unclear whether the $33.5 million recovery (i) caps the Foundation Parties' potential recovery from the Trust or (ii) alternatively, represents the upper limit of Trust recoveries against which it may recover its 33% share. Multiplying the difference between $33.5 million and $12.5 million ($21 million) by 33% amounts to $6.93 million, an amount roughly double the amount of the incremental financing ($3.45 million) sought by the Debtor.

6. The Debtor proposes the two changes referenced above on virtually no notice to the creditor body, which is problematic.

7. Further, the budget accompanying the Proposed Order reflects that the Debtor does not need to borrow anything beyond the initial $750,000 draw previously authorized by this Court to pay expenses due through the end of September 2026.

8. In short, then, the U.S. Trustee believes that both (i) the upsizing of the DIP financing and (ii) the Debtor's obligation to propose a plan providing a share of the Litigation Trust's recoveries to the Foundation Parties are material amendments to the DIP financing motion which (i) should not be approved as part of the Proposed Order and (ii) should be noticed in connection with the final hearing on the DIP financing motion.

## RESERVATION OF RIGHTS

9. The U.S. Trustee reserves the rights to amend and/or supplement this Objection.

**[Continued on next page – space intentionally left blank]**

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court (i) deny entry of the Proposed Order and (ii) grant other relief consistent with this Objection.

Dated: September 1, 2026
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: *Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr. (# 4819)
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov