**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113(TMH) |
| Debtor.[1] | **Re: Docket No. 55** |

# ORDER PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWELL & MORING LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor") seeking authorization to retain and employ Crowell & Moring LLP ("Crowell" or the "Firm") as Special Litigation Counsel in this Chapter 11 Case effective as of the Petition Date; upon the *Declaration of Anand Sithian*, annexed to the Application as **Exhibit B**, and the *First Supplemental Declaration of Anand Sithian* (the "Sithian Declarations"); and the Court being satisfied based on the representations made in the Application and the Sithian Declarations that the Firm neither represents nor holds any interest adverse to the Debtor or to the estate with respect to the matters on which the Firm is to be employed, and that the employment of the Firm as Special Litigation Counsel to the Debtor is necessary and in the best interests of the Debtor and its estate and creditors; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further

1 The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

2 Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. Subject to the provisions of this Order, pursuant to sections 327(e) and 330 of the Bankruptcy Code, the Debtor is authorized to retain and employ the Firm as Special Litigation Counsel in this Chapter 11 Case, effective as of the Petition Date, pursuant to the terms set forth in the Application to provide the following services: (i) assisting the Debtor with confirming that the JAMS Arbitration is stayed during the pendency of the Chapter 11 Case; (ii) assisting the Debtor in analyzing and evaluating certain potential claims and causes of action and crafting appropriate releases and discovery requests, if any, to the extent the Debtor engages in discovery with a litigation party or otherwise enters into in settlement discussions with a litigation party prior to confirmation of a plan; and (iii) representing the Debtor in the ongoing DOJ criminal investigation, including interfacing with the DOJ.

3. The Firm shall be compensated for legal services rendered to the Debtor and reasonable expenses incurred in connection therewith in accordance with provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Sithian Declarations, the Firm shall (i) to the extent that the Firm uses the services of independent contractors or subcontractors to provide professional services (collectively, the "Contractors") in this case, pass through the cost of such Contractors at the same rate that the Firm pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are

subject to the same conflicts checks as required for the Firm; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

5. Notwithstanding anything to the contrary in the Application or the Sithian Declarations, the Firm shall not seek reimbursement of (and shall not receive payment from the Debtor's estate for) any fees or costs arising from the defense of any of the Firm's monthly fee statements or fee applications in this Chapter 11 Case.

6. Notwithstanding anything to the contrary in the Application or the Sithian Declarations, the Firm shall seek reimbursement from the Debtor's estate for its engagement-related expenses at the firm's actual cost paid.

7. The Debtor and the Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The Court shall retain exclusive jurisdiction over any disputes that may arise in connection with this Order.

**Dated: September 4th, 2026**
**Wilmington, Delaware**

Thomas M. Horan

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**