**EXHIBIT A**
**PROPOSED PROTECTIVE LANGUAGE**

Metaverse proposes adding the following paragraphs to any final order:

**A. Preservation of Direct Claims and Defenses.** Notwithstanding anything to the contrary in this Final Order, the DIP Documents, the Global Resolution, or the assumption of the Fenix Agreement, nothing in such approval shall release, enjoin, impair, settle, adjudicate, or otherwise affect any claim, cause of action, defense, setoff, recoupment right, or remedy belonging solely and directly to a person or entity other than the Debtor or its estate, including Metaverse Technology Company – FZE, against any nondebtor. Nothing in this paragraph determines the ownership, standing, validity, or merits of any such matter, and all parties' rights and defenses are reserved.

**B. No Preclusive Effect for Contributed Claims.** Approval of the DIP Facility, the Global Resolution, or the contribution of any Contributed Claim shall not constitute a finding concerning the ownership, validity, amount, enforceability, or merits of any Contributed Claim and shall have no claim preclusive or issue preclusive effect on the merits against any person or entity alleged to be liable on such claim. All defenses, counterclaims, setoffs, and recoupment rights are preserved.

**C. Fenix Investigation and Enforcement.** Notwithstanding paragraph 28 of the Second Interim DIP Order, any restriction in the DIP Documents, or any term of the proposed Subchapter V Plan, the Subchapter V Trustee, the Litigation Trustee, or another disinterested estate representative authorized by the Court may, to the extent of authority otherwise granted by statute or Court order, investigate and, if appropriate, enforce any right of the Debtor or estate expressly preserved by paragraph 37 for breach of the Fenix Agreement. Such representative may use non-DIP funds and may obtain information reasonably necessary for that investigation

or enforcement without the consent of the DIP Lender or any Foundation Party. The exercise of those rights shall not constitute a default under any DIP Document or Exit Facility Document.

**D. Plan and Litigation Trust Reservation.** Nothing in this Final Order constitutes confirmation or approval of any plan, litigation trust agreement, trustee selection, release, exculpation, injunction, distribution waterfall, claim contribution, or trust governance term to be proposed at confirmation, except the financing obligations and priorities expressly authorized by this Final Order. All parties in interest retain all rights to support or object to any such term when proposed through a filed plan, trust agreement, or other motion on notice. No provision of the DIP Documents shall have res judicata, collateral estoppel, law of the case, or other preclusive effect as to those reserved matters.

**E. Disclosure and Supplementation.** The DIP Releases and final approval of the Global Resolution are deferred pending further order after notice and a hearing. Before that hearing the Debtor shall file and serve the complete settlement agreement with Rushikesh Manche, a schedule identifying each Contributed Claim and its proposed treatment, and a schedule identifying each proposed release recipient. Metaverse and other parties in interest may supplement a timely objection within seven (7) days after such disclosure, and the Court shall consider any timely supplement before entering the further approval order. Disclosure alone does not make any deferred release effective.