**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MVMT Labs, Inc.,<br><br>Debtor.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 26-11113 (TMH)<br><br>**Re: Docket No. 238** |

# ORDER (I) SCHEDULING THE CONFIRMATION HEARING AND SETTING DEADLINES RELATED THERETO; (II) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (III) APPROVING THE FORMS OF BALLOTS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the proposed *Order (I) Scheduling the Confirmation Hearing and Setting Deadlines Related Thereto; (II) Approving Solicitation Packages and Procedures; (III) Approving the Forms of Ballots; and (IV) Granting Related Relief* filed by the above-captioned debtor and debtor-in-possession (the "Debtor") under certification of counsel [Docket No. 238] (the "Certification of Counsel"); and based on the record in the Chapter 11 Case;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of Michael Robinson in Support of MVMT Labs, Inc.'s Chapter 11 Petition and First Day Motions* [Docket No. 21] and the *Supplemental Declaration of Michael Robinson, Chief Restructuring Officer of the Debtor, in Support of Chapter 11 Petition and First Day Motions* [Docket No. 204] (together, the "First Day Declaration"), the Certification of Counsel, or *MVMT Labs, Inc.'s Subchapter V Plan of Liquidation* (collectively with all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan") [Docket No. 237], as applicable.

Certification of Counsel in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Certification of Counsel has been given and no other notice need be provided; and this Court having reviewed the Certification of Counsel; and the Court having found that the relief requested in the Certification of Counsel is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having determined that just cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

i. The forms of ballots attached hereto as **Exhibits 2A-2C** (the "Ballots") (i) are consistent with Official Form No. 314; (ii) adequately address the particular needs of the Chapter 11 Case; (iii) are appropriate for the applicable Voting Classes (defined herein); and (iv) comply with rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

ii. The form of Ballot for Holders of Interests in Class 3 (SAFE Interests), attached hereto as **Exhibit 2B**, will include a schedule annexed thereto as Annex 1 identifying each Holder and the verified investment amount of each Holder's respective SAFE Interest (the "SAFE Amount") for each Holder to review before voting on the Plan.[3]

iii. Ballots need not be provided to Holders of Claims in Class 1 (Priority Non-Tax Claims) (collectively, the "Non-Voting Class") because the Non-Voting Class is unimpaired and conclusively presumed to have accepted the Plan in accordance with section 1126(f) of title 11 of the United States Code (the "Bankruptcy Code").

[3] For the avoidance of doubt, the Debtor shall not solicit votes from, or distribute Solicitation Packages to, any purported Holder of a SAFE Interest for whom the Debtor has not been able to verify an investment amount or confirm that such purported SAFE Interest arises from a fully executed, duly funded Simple Agreement for Future Equity.

iv. The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims and Interests in the Voting Classes to make an informed decision to accept or reject the Plan and submit a Ballot in a timely fashion.

v. The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

vi. The contents of the Solicitation Package (as defined herein) and the procedures for providing notice of the Confirmation Hearing (defined below) and other matters set forth in the Confirmation Hearing Notice (as defined herein), under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**IT IS HEREBY ORDERED THAT:**

**Approval of Confirmation Timeline**

1. The Court shall hold the hearing to consider confirmation of the Plan on **December 16, 2026 at 2:00 p.m. (ET)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned or continued from time to time without further notice other than by (i) announcing any adjourned or continued date at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice (which may be an agenda) on the docket of the Chapter 11 Case.

2. The following dates and deadlines are approved:

| Event | Date |
|---|---|
| Voting Record Date | October 31, 2026 |

| Event | Date |
|---|---|
| Deadline for Service of Solicitation Packages, Confirmation Hearing Notice, and Notices of Non-Voting Status | November 10, 2026 |
| Deadline for Parties to File Rule 3018 Motions | November 25, 2026 at 4:00 p.m. (ET) |
| Deadline for Parties to Respond to Rule 3018 Motions | December 2, 2026 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | December 2, 2026 |
| Voting Deadline | December 9, 2026 at 4:00 p.m. (ET) |
| Confirmation Objection Deadline | December 9, 2026 at 4:00 p.m. (ET) |
| Confirmation Brief/Reply Deadline and Deadline to File Voting Report | December 14, 2026 at 12:00 p.m. (ET) |
| Confirmation Hearing | December 16, 2026 at 2:00 p.m. (ET), subject to the Court's availability |

**Approval of the Solicitation and Tabulation Procedures**

3. The notice for the Confirmation Hearing (the "Confirmation Hearing Notice"), substantially in the form attached hereto as **Exhibit 1**, is approved.

4. The customized forms of ballots for Holders of Claims and Interests in the Voting Classes, substantially in the forms attached hereto as **Exhibits 2A-2C** to the Order (each a "Ballot" and, collectively, the "Ballots"), are approved.

5. The Notice of Non-Voting Status to be provided to Holders of Claims in the Non-Voting Class, substantially in the form attached hereto as **Exhibit 3**, is approved.

6. The record date for purposes of determining which Holders of Claims and Interests are entitled to receive solicitation packages (the "Solicitation Packages") and, where applicable, vote on the Plan shall be **October 31, 2026** (the "Voting Record Date").

7. With respect to any assignment or transfer of a Claim or Interest, the assignee/transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim or Interest if the transferee files, no later than the Voting Record Date, (i) the documentation required to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

8. On or prior to November 10, 2026 (the "Solicitation Date"), the Debtor shall serve or cause Reliable Companies, the Debtor's claims and noticing agent (the "Claims Agent"), to serve, by first-class mail and/or electronic mail, as applicable, the Solicitation Packages on Holders of Claims and Interests in Class 2 (General Unsecured Claims), Class 3 (SAFE Interests) and Class 4 (Common Stock Interests) (collectively, the "Voting Classes"). The Solicitation Packages shall contain copies of (i) the Plan, (ii) this Order (without exhibits), (iii) the Confirmation Hearing Notice, and (iv) an applicable Ballot. For the avoidance of doubt, in instances where the Debtor has a physical mailing address on file, hard copies of the Solicitation Packages, including the Plan and Order, shall be delivered. In instances where the Debtor does not have a physical mailing address on file for the applicable Holder of a Claim or Interest, a link to a sharefile that includes the Solicitation Package documents in .pdf format will be sent via electronic mail.

9. On or prior to the Solicitation Date, the Debtor shall serve or cause to be served, by first-class mail, and/or electronic mail, as applicable, the Notice of Non-Voting Status on Holders of Claims in the Non-Voting Class.

10. The Debtor shall not be required to distribute Solicitation Packages to (a) the Holders of Claims in the Non-Voting Class, (b) those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtor receives written notice of accurate addresses for such persons or entities prior to the Voting Record Date, or (c)

purported Holders of SAFE Interests for whom the Debtor has not been able to verify an investment amount or confirm that such purported SAFE Interest arises from a fully executed, duly funded Simple Agreement for Future Equity. The Debtor and the Claims Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Confirmation Hearing Notices.

11. On or prior to the Solicitation Date, the Debtor shall serve or cause to be served, by first-class mail, and/or electronic mail, as applicable, the Confirmation Hearing Notice on (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case; (ii) state and local taxing authorities in which the Debtor conducted business; (iii) the Internal Revenue Service, (iv) Holders of Claims in the Non-Voting Class; (v) the Subchapter V Trustee; (vi) the U.S. Trustee; (vii) the holders of the largest unsecured claims against the Debtor identified with the Debtor's voluntary petition; (viii) all other persons or entities listed on the Debtor's creditor mailing matrix; (ix) all persons or entities listed on the Debtor's Schedules as a Holder of a Claim or Interest; (x) all persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of claim as of the Voting Record Date; (xi) the United States Attorney's Office for the District of Delaware; (xii) any regulatory agencies with oversight authority of the Debtor; and (xiii) all Holders of Claims or Interests (to the extent not otherwise included in the foregoing). Such notice shall be deemed to be sufficient and appropriate. The Confirmation Hearing Notice provides all parties in interest with sufficient notice regarding the Plan, including the release, exculpation, and injunction provisions contained therein.

12. The Debtor is authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with the solicitation package and procedures set forth herein (the "<u>Solicitation Procedures</u>") and the Tabulation Procedures; *provided, however,* that the Debtor

is authorized to make non-material amendments or supplements to the Solicitation Procedures, subject to this Court's approval, where, in the Debtor's reasonable discretion, doing so would better facilitate the solicitation process.

13. To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, (a) through the Claims Agent's electronic ballot portal at https://securemail.reliable-co.com/filedrop/MVMT (the "E-Ballot Portal"), **or** (b) by mail, overnight courier, or personal delivery at the below address, so that they are actually received no later than **December 9, 2026 at 4:00 p.m. (ET)** (the "Voting Deadline"):

MVMT Labs, Inc.
c/o Reliable Companies,
Attn: Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

14. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission; Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.

15. Holders who cast a Ballot via the E-Ballot Portal should **NOT** also submit a paper Ballot.

16. The following procedures (the "Tabulation Procedures") are hereby approved and shall be utilized in tabulating the votes to accept or reject the Plan:

a) Unless otherwise provided in the Tabulation Procedures, Claims and Interests will be deemed temporarily allowed for voting purposes only in the following amounts:

i) If a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

ii) The amount of the Claim listed in the Schedules; provided that (A) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed,

or in the amount of $0.00, (B) no Proof of Claim has been timely filed by the applicable deadline established by the Court for filing Proofs of Claim (the "Bar Date") (or otherwise deemed timely filed under applicable law), (C) such Claim has not been satisfied by the Debtor, and (D) such Claim has not been resolved pursuant to a stipulation or order entered by the Court. However, to the extent the applicable Bar Date has not yet expired prior to the Voting Record Date, Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amount of $1.00.

iii) The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim timely filed with the Court or the Claims Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law), to the extent such Proof of Claim has not been disallowed, amended or superseded by another Proof of Claim and is not the subject of a pending objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order) as of the Voting Record Date.

iv) If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with this Order.

v) Proofs of Claim filed in the amount of $0.00 are not entitled to vote.

vi) Except as otherwise provided in subsection (iii) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, or uncertain amount (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Claims Agent) shall be ascribed a value of one dollar ($1.00) for voting purposes only.

vii) Except as otherwise provided in subsection (viii) hereof, if an alleged Creditor has timely filed a Proof of Claim, but the Claim is the subject of a pending claim objection, such Claim shall not be counted for voting purposes, unless the Claim is temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a).

viii) Notwithstanding subsection (vii) hereof, if the Debtor has requested in an objection or estimation proceeding that a Claim be reclassified, estimated, and/or allowed in a fixed, reduced amount, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtor and/or in the requested classification.

ix) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

x) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

xi) Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims within the same Voting Class (by virtue of one or more timely-filed Proofs of Claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class and provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims.

xii) If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed Proof of Claim amending the Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

xiii) Each Holder of a SAFE Interest listed on Annex 1 to the Class 3 Ballot shall be entitled to vote in the SAFE Amount set forth for such Holder on Annex 1. Any Holder that disputes its SAFE Amount may file a Rule 3018 Motion in accordance with paragraph 17 of this Order.

xiv) Any Holder that has filed a Proof of Claim on account of a Simple Agreement for Future Equity or any other agreement giving rise to a SAFE Interest shall vote solely in Class 3 and shall not be entitled to vote in Class 2.

xv) Each Holder of record of Common Stock Interests as of the Voting Record Date, as reflected in the Debtor's books and records, shall be entitled to vote in the number of shares of common stock held by such Holder as of the Voting Record Date.

b) The following voting procedures and standard assumptions should be used in tabulating the Ballots:

i) Holders with multiple Claims or Interests within a single Voting Class must vote all such Claims or Interests in that Voting Class to either accept or

reject the Plan and may not split their vote(s) within such Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims or Interests within a single Voting Class will not be counted.

ii) If a Claim or Interest is transferred after the Voting Record Date, only the Holder of such Claim or Interest as of the Voting Record Date may execute and submit a Ballot to the Claims Agent, the transferee of such Claim or Interest shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim or Interest as of the Voting Record Date, and any vote change shall be subject to Bankruptcy Rule 3018(a)(3).

iii) The delivery of a Ballot will be deemed made only when the Claims Agent actually receives the original, executed Ballot, or a copy of the original executed Ballot is uploaded to the E-Ballot Portal.

iv) Any party who has previously submitted to the Claims Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Claims Agent prior to the Voting Deadline a subsequent properly completed Ballot. If multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

v) If a Holder of a Claim or Interest casts multiple Ballots on account of the same Claim or Interest, which are received by the Claims Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

vi) Except as otherwise provided in subsection (iv) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (A) contain the description of the Claim or Interest to which it relates and the aggregate principal amount represented by such Claim or Interest, (B) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (C) contain a certification that the withdrawing party owns the Claim or Interest and possesses the right to withdraw the vote sought to be withdrawn, and (D) be actually received by the Claims Agent prior to the Voting Deadline. The Debtor expressly reserves the right to contest the validity of any such withdrawals.

c) The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

i) Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

ii) Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtor has granted an extension of the Voting Deadline with respect to such Ballot;

iii) Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

iv) Any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest, as applicable;

v) Any Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

vi) Any unsigned Ballot or (other than a Ballot submitted through the E-Ballot Portal) any Ballot without an original signature; and

vii) Any Ballot submitted by fax, email or electronic transmission (other than transmission via upload to the E-Ballot Portal).

d) The Debtor is authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor, be unlawful. The Debtor further is authorized to allow for the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Claims Agent and the Debtor, unless otherwise directed by the Court, will be final and binding on all parties. Any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines. Neither the Debtor nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured. Ballots previously furnished (and as to which any irregularities have not theretofore been cured) will be invalidated.

e) Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Voting Report.

17. Upon completion of balloting, the Claims Agent shall certify the number and amount of Claims and Interests in the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes (the "Voting Report").

18. If any Holder of a Claim or Interest seeks to challenge the allowance of its Claim or Interest (including any SAFE Amount) for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **November 25, 2026 at 4:00 p.m. (ET)** and serve the Rule 3018 Motion on the Debtor, the Subchapter V Trustee, and the U.S. Trustee. The Debtor (and, with respect to filing a response, any other party in interest) shall then (i) have until **December 2, 2026 at 4:00 p.m. (ET)** to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. Any Ballot submitted by a Holder of a Claim or Interest that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

19. The Plan Supplement shall be filed with this Court no later than **December 2, 2026**.

20. Any objections to the confirmation of the Plan (a "Confirmation Objection") must be filed by **December 9, 2026 at 4:00 p.m. (ET)** and must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, phone number, and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the legal and factual bases and nature of any objection to the Plan,

and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court and served on (i) counsel to the Debtor, Potter Anderson & Corroon LLP, 1313 N. Market Street, 7th Floor, Wilmington, DE 19801-6108, Attn: Jeremy W. Ryan (jryan@potteranderson.com) and Gregory J. Flasser (gflasser@potteranderson.com); (ii) the Subchapter V Trustee, Jeffrey Schwendeman, RPA Advisors, LLC, 45 Eisenhower Drive, Paramus, NJ 07652, (jschwendeman@rpaadvisors.com); (iii) counsel to the DIP Lender, Allen Overy Shearman Sterling US LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Fredric Sosnick (fsosnick@aoshearman.com) and William S. Holste (william.holste@aoshearman.com), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Kenneth Enos (kenos@ycst.com); and (iv) the Office of the United States Trustee for Region 3: District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Joseph J. McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov).

21. The Voting Report shall be filed on or before **December 14, 2026 at 12:00 p.m. (ET).**

22. The Debtor and other parties in interest shall, if they deem necessary in their discretion, file a reply to any objections or brief or declarations in support of the Plan by **December 14, 2026 at 12:00 p.m. (ET)**.

23. The Debtor is authorized to make non-substantive, ministerial, or immaterial changes to the Plan, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Plan and related documents (including the exhibits and appendices thereto).

24. All time periods in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

25. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

26. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Thomas M. Horan

**Dated: November 10th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**