# <u>EXHIBIT 1</u>

## Form of Confirmation Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MVMT Labs, Inc.,<br><br>Debtor.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 26-11113 (TMH)<br><br>**Re: Docket No. __** |

**<u>NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE PLAN</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On July 15, 2026 (the "<u>Petition Date</u>"), the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as Debtor in possession pursuant to sections 1182 and 1184 of the Bankruptcy Code.

**<u>THE PLAN</u>**

On November 9, 2026, the Debtor filed *MVMT Labs, Inc.'s Subchapter V Plan of Liquidation (Solicitation Version)* [Docket No. 237] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "<u>Plan</u>").[2]

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests. This chart is only a summary of the classification of Claims and Interests under the Plan. You should review the entire Plan for a complete description.

---

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Plan. The statements contained herein are summaries of the provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions thereof or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan, the terms in the Plan shall govern and control.

| Class / Designation | Treatment | Estimated Amount of Claims and Interests | Status | Voting Rights | Projected Recovery[3] |
|---|---|---|---|---|---|
| **Class 1:** Priority Non-Tax Claims | Except to the extent that a Holder of an Allowed Priority Non-Tax Claim agrees to less favorable treatment, each Holder of an Allowed Priority Non-Tax Claim shall receive, in full and final satisfaction of and in exchange for such Allowed Priority Non-Tax Claim: (i) payment in full in Cash of such Holder's Allowed Priority Non-Tax Claim; or (ii) otherwise receive treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code. | de minimis | Unimpaired / Presumed to Accept | Not entitled to vote | 100% |
| **Class 2:** General Unsecured Claims | Pro Rata share of Litigation Trust Distributable Cash, in accordance with the Waterfall, after the Exit Facility Obligations have been indefeasibly paid in full in Cash. | $200,000 - $10,000,000 | Impaired | Entitled to Vote | 0-100% |
| **Class 3:** SAFE Interests | Pro Rata share of Litigation Trust Distributable Cash, in accordance with the Waterfall, after the Exit Facility Obligations have been indefeasibly paid in full in Cash and Allowed General Unsecured Claims have been paid in full. | Approximately $42 million | Impaired | Entitled to Vote | 0-25% |
| **Class 4:** Common Stock Interests | Pro Rata share of Litigation Trust Distributable Cash, in accordance with the Waterfall, after the Exit Facility Obligations have been indefeasibly paid in full in Cash and Allowed General Unsecured Claims and Allowed SAFE Interests have been paid in full. | N/A | Impaired | Entitled to Vote | 0-10% |

As set forth above, certain Holders of Claims are **not** entitled to vote on the Plan. As a result, such parties will not receive any Ballots and other related solicitation materials in order to vote on the Plan. Claims in Class 1 (Priority Non-Tax Claims) are Unimpaired under the Plan and,

[3] The estimated percentage recovery is based on, among other things, an estimate of the Allowed Claims against the Debtor in the Chapter 11 Case. As noted, the actual amount of the Allowed Claims may be greater or lower than estimated. Thus, the actual recoveries may be higher or lower than projected depending on, among other things, the amounts and priorities of Claims that are actually Allowed by the Bankruptcy Court and the actual amount of Cash available for Distribution. Actual recoveries will depend on the ultimate litigation, settlement, or other monetization and realization of value with respect to the Vested Causes of Action. Such value is inherently unknowable and speculative and, therefore, not included in the "projected recovery" presented herein. See sections 2.5(K) (Preservation of Estate Causes of Action and Contributed Claims) and 2.5(L) (Risks Related to Causes of Action) of the Plan.

therefore, are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

Reliable Companies (the "Claims Agent") will provide to you, free of charge, a copy of the Plan, upon request to the Claims Agent. Copies of the Plan are also available for free on the Claims Agent's website at https://www.bankruptcy-claims.com/mvmt/CaseHome.aspx and are on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's website at http://www.deb.uscourts.gov.

By order dated [●], 2026 (the "Solicitation Procedures Order"), the Bankruptcy Court established **December 9, 2026 at 4:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received. If you are the Holder of a Claim in Class 2 (General Unsecured Claims) or an Interest in Class 3 (SAFE Interests)[4] or Class 4 (Common Stock Interests) as of the Voting Record Date of **October 31, 2026** and are otherwise entitled to vote to accept or reject the Plan, your original Ballot must be submitted and **actually be received** on or before the Voting Deadline by the Claims Agent in accordance with the instructions for completing the Ballot as set forth therein.

If you wish to challenge the allowance of your Claim or Interest (including the SAFE Amount (as defined in the Solicitation Procedures Order) of any SAFE Interest) for voting purposes, you must file a motion pursuant to Bankruptcy Rule 3018(a) no later than **November 25, 2026 at 4:00 p.m. (ET)** in accordance with the Solicitation Procedures Order. The Debtor will file the Plan Supplement no later than **December 2, 2026**.

## THE CONFIRMATION HEARING

On **December 16, 2026, at 2:00 p.m. (Eastern Time)**, a hearing will be held before the Honorable Thomas M. Horan in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, DE 19801 to consider the confirmation of the Plan, as the same may be amended or modified (the "Confirmation Hearing").

The Confirmation Hearing may be adjourned or continued from time to time without further notice other than by announcing any adjourned or continued date at the Confirmation Hearing (or any continued hearing) or by filing a notice (which may be an agenda) on the docket of the Chapter 11 Case. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law, without further notice to creditors or other parties in interest, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

Any objections to the confirmation of the Plan (a "Confirmation Objection") must be filed by **December 9, 2026 at 4:00 p.m. (ET)** (the "Objection Deadline") and must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, phone

[4] The Debtor is not soliciting votes from purported Holders of SAFE Interests for whom it has been unable to verify an investment amount or confirm that such purported SAFE Interest arises from a fully executed, duly funded Simple Agreement for Future Equity.

number, and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the legal and factual bases and nature of any objection to the Plan, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court and served on (i) counsel to the Debtor, Potter Anderson & Corroon LLP, 1313 N. Market Street, 7th Floor, Wilmington, DE 19801-6108, Attn: Jeremy W. Ryan (jryan@potteranderson.com) and Gregory J. Flasser (gflasser@potteranderson.com); (ii) the Subchapter V Trustee, Jeffrey Schwendeman, RPA Advisors, LLC, 45 Eisenhower Drive, Paramus, NJ 07652, (jschwendeman@rpaadvisors.com); (iii) counsel to the DIP Lender, Allen Overy Shearman Sterling US LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Fredric Sosnick (fsosnick@aoshearman.com) and William S. Holste (william.holste@aoshearman.com), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Kenneth Enos (kenos@ycst.com); and (iv) the Office of the United States Trustee for Region 3: District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Joseph James McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**<u>EXCULPATION, RELEASES, AND INJUNCTION</u>**

**The exculpations, releases, and injunction provided for in sections 6.9-6.11 of the Plan shall be effective upon the Effective Date.**

**. . .**

**Section 6.9. Releases by the Debtor**

**Except as otherwise expressly provided herein, or elsewhere in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, the Debtor, on its own behalf and as a representative of the Estate, and the Litigation Trust and the Litigation Trustee as successors thereto, to the fullest extent permitted under applicable law, shall, and shall be deemed to, completely and forever release, waive, void and extinguish unconditionally any and all Claims, Causes of Action, obligations, rights, suits, damages and liabilities whatsoever, whether known or unknown, including any Avoidance Actions, based in whole or in part on any act, omission, transaction or other occurrence taking place on or before the Effective Date, as against each and all of (i) Kahn, (ii) the DIP Lender and each other Foundation Party, (iii) Scanlon, (iv) Golding, (v) Ruby Sekhon and (vi) Move Industries and all of its officers, directors and employees (collectively, the "<u>Released Parties</u>"); provided, however, that the foregoing releases shall not release (x) any rights of the Debtor, the Estate or the Litigation Trust with respect to any breach by a Foundation Party of the Fenix Agreement or (y) any claims or Causes of Action that the Debtor may have against any former employees of the Debtor to recover or avoid excess or inadvertent payroll payments following the cessation of such former employees' employment with the Debtor. The releases in this Section 6.9 are in addition to, and shall not limit, the DIP Releases granted under the Final DIP Order, which shall survive Confirmation and the Effective Date.**

**Section 6.10. Exculpation**

None of the Debtor, its Professionals, or the Subchapter V Trustee (collectively, the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim or Interest, or other party in interest, or any of their respective members, officers, directors, employees, advisors, professionals, attorneys or agents or any of their successors and assigns, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Debtor's Chapter 11 Case, except for their fraud, gross negligence, or willful misconduct as determined by a Final Order, and, in all respects, the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

**Notwithstanding any other provision of the Plan, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, or attorneys acting in such capacity, or any of their successors or assigns, for any act or omission occurring between the Petition Date and the Effective Date relating to, in any way, or arising from the Chapter 11 Case, including but not limited to (i) formulating, negotiating or implementing the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan; (ii) the review by the Debtor's board of directors or other similar management structure of the Debtor's strategic alternatives during the Chapter 11 Case; (iii) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtor; (iv) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan; or (v) the administration of the Plan or the property to be distributed under the Plan prior to the Effective Date, except for their fraud, gross negligence, or willful misconduct as determined by a Final Order, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. Notwithstanding the foregoing, nothing in this Section 6.10 shall exculpate any other party, or release, bar, limit, or otherwise impair (x) any Causes of Action, or (y) any claims, rights, causes of action, or defenses that the Debtor, the Estate, the Litigation Trust, or any Person that is not a Released Party or an Exculpated Party under the Plan or applicable law.**

**Section 6.11. Injunction Related to Third Parties**

To the extent of the releases and exculpation granted in this Plan, all Persons who have held, hold or may hold Claims against or Interests in the Debtor are permanently enjoined from commencing or continuing in any manner against the Released Parties or the Exculpated Parties, or their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be exculpated pursuant to this Plan or Confirmation Order. Except as otherwise expressly provided in this Plan, the Plan Supplement or the Confirmation Order, or for obligations issued pursuant to this Plan, all Persons who have held, hold or may hold Claims or Interests that have been released, or are

subject to exculpation, are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claims or Interests; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to any such Claims or Interests; and (c) creating, perfecting or enforcing any encumbrance of any kind against such Persons or their property on account of or in connection with any such Claims or Interests. This Section 6.11 enjoins only the assertion of claims and Causes of Action of the Debtor and the Estate released under Section 6.9 and claims exculpated under Section 6.10, and does not release, or enjoin the assertion of, any direct claim held by any Person other than the Debtor or the Estate against any Person other than the Debtor. Nothing in this Section 6.11 shall enjoin, limit or impair the rights and remedies of the DIP Lender or the Exit Facility Lender under the DIP Loan Documents, the Final DIP Order, Section 2.1 of the Plan, the Exit Facility Agreement or the Confirmation Order.

**COPIES OF THE PLAN**

PURSUANT TO THE SOLICITATION PROCEDURES ORDER, YOU MAY NOT HAVE RECEIVED A COPY OF THE PLAN. If you wish to receive copies of the Plan, they will be provided, as soon as practicable, upon request to the Claims Agent by writing to MVMT Labs, Inc. c/o Reliable Companies, Attn: Gene Matthews, 1007 North Orange Street, Suite 110, Wilmington, DE 19801 or to bankruptcy@reliable-co.com and reference "MVMT Labs, Inc." in the subject line. Copies of the Plan are also available for free by visiting the Debtor's case website at https://www.bankruptcy-claims.com/mvmt/CaseHome.aspx. In addition, copies of the Plan are on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR INTEREST OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN OR OTHER MATERIALS, PLEASE CONTACT THE CLAIMS AGENT AS SET FORTH ABOVE.

**YOUR RIGHTS MAY BE AFFECTED UPON APPROVAL AND CONFIRMATION OF THE PLAN. YOU ARE URGED TO REVIEW A COPY OF THE PLAN WHICH MAY BE OBTAINED BY ONE OF THE METHODS DESCRIBED HEREIN.**

[*Signature Page Follows*]

**POTTER ANDERSON & CORROON LLP**

Dated: ____________, 2026
Wilmington, Delaware

Respectfully submitted,

*/s/ [DRAFT]*
Jeremy W. Ryan (No. 4057)
Gregory J. Flasser (No. 6154)
Sameen Rizvi (No. 6902)
Wenting Wu (No. 7679)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
gflasser@potteranderson.com
srizvi@potteranderson.com
wwu@potteranderson.com

*Counsel to the Debtor and Debtor in Possession*