# EXHIBIT 2B

## Form of Class 3 Ballot

## (SAFE Interests)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| MVMT Labs, Inc., | Case No. 26-11113 (TMH) |
| Debtor.[1] | **Re: Docket No. __** |

**BALLOT TO ACCEPT OR REJECT**
**MVMT LABS, INC.'S SUBCHAPTER V PLAN OF LIQUIDATION**

**CLASS 3 (SAFE INTERESTS)**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDERS OF SAFE INTERESTS IN CLASS 3(SAFE INTERESTS) LISTED ON ANNEX 1 ATTACHED HERETO. PLEASE READ AND FOLLOW THE INSTRUCTIONS SET FORTH HEREIN CAREFULLY. COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT PROMPTLY VIA THE E-BALLOT PORTAL OR IN THE ENCLOSED ENVELOPE AS INSTRUCTED BELOW.**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY RELIABLE COMPANIES (THE "CLAIMS AGENT") ON OR BEFORE DECEMBER 9, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME) OR THE VOTE REPRESENTED BY THIS BALLOT WILL NOT BE COUNTED.**

**FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject *MVMT Labs, Inc.'s Subchapter V Plan of Liquidation* [Docket No. 237] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Plan")[2] proposed by the above-captioned debtor and debtor in possession (the "Debtor"). You should review the Plan and Annex 1 attached hereto to confirm your name and the verified investment amount of your SAFE Interest (the "SAFE Amount") before you vote.

**The Plan is subject to approval and confirmation by the Bankruptcy Court.**

You may wish to seek legal advice concerning the Plan and the classification and treatment of your SAFE Interest under the Plan.

[1] The last four digits of the Debtor's federal tax identification number are 5217. The Debtor's service address is c/o Legalinc Corporate Services Inc., 131 Continental Drive, Suite 305, Newark, New Castle County, DE 19713.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Plan.

The Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Plan has been provided to you with this Ballot. You may also obtain additional copies from the Claims Agent by writing to MVMT Labs, Inc., c/o Reliable Companies, Attn: Gene Matthews, 1007 North Orange Street, Suite 110, Wilmington, DE 19801 or to bankruptcy@reliable-co.com. Copies of the Plan are also available for free by visiting the Debtor's case website at https://www.bankruptcy-claims.com/mvmt/CaseHome.aspx. In addition, copies of the Plan are on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan may be confirmed by the Bankruptcy Court, and, thereby, made binding on you if it satisfies the applicable requirements of section 1191 of the Bankruptcy Code.

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS SET FORTH HEREIN BEFORE COMPLETING THIS BALLOT.**

**IMPORTANT**

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your SAFE Interest has been placed in Class 3 (SAFE Interests) under the Plan.**

**If your Ballot is not actually received by the Claims Agent on or before December 9, 2026 at 4:00 p.m. (ET) (the "Voting Deadline") and such deadline is not extended by the Debtor, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**To cast your vote, please complete, execute, and submit this Ballot using one of the following methods:**

**(i) Via E-Ballot Portal.** Please visit https://securemail.reliable-co.com/filedrop/MVMT or click on the "Ballot Upload" section of the website and follow the instructions to submit your Ballot. The Claims Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**(ii) Via Paper Ballot.** Please deliver the Ballot to the Claims Agent in the business reply envelope provided with your Ballot or by either regular mail, overnight mail, or hand delivery to the Claims Agent at the following address: MVMT Labs, Inc., c/o Reliable Companies, Attn: Gene Matthews, 1007 North Orange Street, Suite 110, Wilmington, DE 19801. Ballots will NOT be

accepted by email, telecopy, facsimile, or other electronic means of transmission (other than through the E-Ballot Portal).

**Holders who cast a Ballot using the Claims Agent's E-Ballot Portal should NOT also submit a paper Ballot.**

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of **October 31, 2026** (the "Voting Record Date") the undersigned (the "Interest Holder") was a Holder of a SAFE Interest in Class 3 (SAFE Interests) in the SAFE Amount set forth for the Interest Holder on Annex 1.

| |
|---|
| ______________________________ |

**Item 2. Vote on Plan. CHECK ONE BOX ONLY:**

| | |
|---|---|
| ☐ | **ACCEPTS (votes FOR) the Plan**. |
| ☐ | **REJECTS (votes AGAINST) the Plan**. |

**Item 3. Certification**. By signing this Ballot, the Interest Holder certifies that: (i) on the Voting Record Date, it was the Holder of the Interest to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Plan and other solicitation materials. The undersigned understands that an otherwise properly completed, executed and timely cast Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan.

Name of Interest Holder:________________________________________

Signature:____________________________________________________

Name (if different from Interest Holder):__________________________

Title:_________________________________________________________

Address:______________________________________________________

______________________________________________________________

______________________________________________________________

E-Mail Address:_______________________________________________

Telephone Number:____________________________________________

Date Completed:_______________________________________________

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE

MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE BANKRUPTCY COURT, INCLUDING, WITHOUT LIMITATION, THE PLAN.

PLEASE CAST YOUR BALLOT BY THE VOTING DEADLINE.

THE DEBTOR EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT OR CLASSIFICATION OF ANY SAFE INTEREST, INCLUDING THE SAFE AMOUNT SET FORTH ON ANNEX 1.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT AT BANKRUPTCY@RELIABLE-CO.COM, AND REFERENCE "MVMT LABS, INC." IN THE SUBJECT LINE OR VIA THE "CONTACT US" LINK AT HTTPS://WWW.BANKRUPTCY-CLAIMS.COM/MVMT/CASEHOME.ASPX.

## EXCULPATION, RELEASES, AND INJUNCTION

**The exculpations, releases, and injunctions provided for in sections 6.9-6.11 of the Plan shall be effective upon the Effective Date.**

**. . .**

**Section 6.9. Releases by the Debtor**

**Except as otherwise expressly provided herein, or elsewhere in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, the Debtor, on its own behalf and as a representative of the Estate, and the Litigation Trust and the Litigation Trustee as successors thereto, to the fullest extent permitted under applicable law, shall, and shall be deemed to, completely and forever release, waive, void and extinguish unconditionally any and all Claims, Causes of Action, obligations, rights, suits, damages and liabilities whatsoever, whether known or unknown, including any Avoidance Actions, based in whole or in part on any act, omission, transaction or other occurrence taking place on or before the Effective Date, as against each and all of (i) Kahn, (ii) the DIP Lender and each other Foundation Party, (iii) Scanlon, (iv) Golding, (v) Ruby Sekhon and (vi) Move Industries and all of its officers, directors and employees (collectively, the "Released Parties"); provided, however, that the foregoing releases shall not release (x) any rights of the Debtor, the Estate or the Litigation Trust with respect to any breach by a Foundation Party of the Fenix Agreement or (y) any claims or Causes of Action that the Debtor may have against any former employees of the Debtor to recover or avoid excess or inadvertent payroll payments following the cessation of such former employees' employment with the Debtor. The releases in this Section 6.9 are in addition to, and shall not limit, the DIP Releases granted under the Final DIP Order, which shall survive Confirmation and the Effective Date.**

**Section 6.10. Exculpation**

None of the Debtor, its Professionals, the Subchapter V Trustee (collectively, the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim or Interest, or other party in interest, or any of their respective members, officers, directors, employees, advisors, professionals, attorneys or agents or any of their successors and assigns, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Debtor's Chapter 11 Case, except for their fraud, gross negligence, or willful misconduct as determined by a Final Order, and, in all respects, the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

**Notwithstanding any other provision of the Plan, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, or attorneys acting in such capacity, or any of their successors or assigns, for any act or omission occurring between the Petition Date and the Effective Date relating to, in any way, or arising from the Chapter 11 Case, including but not limited to (i) formulating, negotiating or implementing the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan; (ii) the review by the Debtor's board of directors or other similar management structure of the Debtor's strategic alternatives during the Chapter 11 Case; (iii) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtor; (iv) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan; or (v) the administration of the Plan or the property to be distributed under the Plan prior to the Effective Date, except for their fraud, gross negligence, or willful misconduct as determined by a Final Order, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. Notwithstanding the foregoing, nothing in this Section 6.10 shall exculpate any other party, or release, bar, limit, or otherwise impair (x) any Causes of Action, or (y) any claims, rights, causes of action, or defenses that the Debtor, the Estate, the Litigation Trust, or any Person that is not a Released Party or an Exculpated Party under the Plan or applicable law.**

**Section 6.11. Injunction Related to Third Parties**

To the extent of the releases and exculpation granted in this Plan, all Persons who have held, hold or may hold Claims against or Interests in the Debtor are permanently enjoined from commencing or continuing in any manner against the Released Parties or the Exculpated Parties, or their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be exculpated pursuant to this Plan or Confirmation Order. Except as otherwise expressly provided in this Plan, the Plan Supplement or the Confirmation Order, or for obligations issued pursuant to this Plan, all Persons who have held, hold or may hold Claims or Interests that have been released, or are

subject to exculpation, are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with any such Claims or Interests; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to any such Claims or Interests; and (c) creating, perfecting or enforcing any encumbrance of any kind against such Persons or their property on account of or in connection with any such Claims or Interests. This Section 6.11 enjoins only the assertion of claims and Causes of Action of the Debtor and the Estate released under Section 6.9 and claims exculpated under Section 6.10, and does not release, or enjoin the assertion of, any direct claim held by any Person other than the Debtor or the Estate against any Person other than the Debtor. Nothing in this Section 6.11 shall enjoin, limit or impair the rights and remedies of the DIP Lender or the Exit Facility Lender under the DIP Loan Documents, the Final DIP Order, Section 2.1 of the Plan, the Exit Facility Agreement or the Confirmation Order.

**ANNEX 1**

[Schedule of Holders of SAFE Interests and SAFE Amounts to be attached]